HOPPER *v.* LIVINGSTON CIRCUIT JUDGE.

APPEAL AND ERROR—TIME TO APPEAL—PROBATE COURTS.

Where no effort to appeal from an order of the probate court is made until nearly 11 months after it was entered, and 85 days after the Supreme Court has decided that appeal is the proper remedy, and no cause is shown for the delay, it is improper for the circuit court to grant an appeal out of time under section 674, 1 Comp. Laws.

Mandamus by Hiram Hopper to compel Stearns F. Smith, circuit judge of Livingston county, to vacate an order allowing an appeal from the probate court. Submitted January 3, 1905. (Calendar No. 20,815.) Writ granted February 27, 1905.

*William P. Van Winkle* and *Louis E. Howlett*, for relator.

*Shields & Shields*, for respondent.

MOORE, C. J. An understanding of this case will be aided very materially by referring to the case of *Hopper* v. *Livingston Probate Judge*, 137 Mich. 124. The opinion in that case was filed July 7, 1904. It is held therein that the order of the probate judge was an appealable one, and not reviewable upon mandamus. No action was taken by Mr. Hopper after that opinion was filed until the 1st day of October, 1904, when he filed a petition in the circuit court for permission to appeal from the order of the judge of probate, claiming the right to do so under section 674, 1 Comp. Laws. On October 24, 1904, the circuit judge made an order allowing George Hopper to take an appeal from the order of the judge of probate made November 7, 1903.

Section 669, 1 Comp. Laws, requires appeals from the order of the probate court to be made within 60 days after the date of the order. It will be observed here that nearly 11 months had elapsed before an effort was made to appeal the case. It is claimed that section 674, 1 Comp. Laws, which reads,

" If any person aggrieved by any act of the judge of probate, shall, from any cause, without default on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on the petition of the party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably,"

—Authorizes the making of such an order as was made by the circuit judge. It is said that inasmuch as George Hopper was advised by his attorneys that mandamus was the proper remedy to review the order of the probate judge, and as he pursued that remedy, his failure to appeal the case was no fault of his. Whatever force there may be in this argument is lost when we take into consideration that this court held on July 7, 1904, that mandamus was not the proper remedy, and appeal was, and yet no effort was made to appeal the case until 85 days thereafter had elapsed.

No attempt is made to explain this delay. Section 674, 1 Comp. Laws, was not intended to excuse such delays as this record discloses. See *Watson* v. *Kent Circuit Judge,* 125 Mich. 182.

The order of the circuit judge granting the appeal should be vacated, and the appeal dismissed.

McAlvay, Grant, Blair, and Hooker, JJ., concurred.