## SMALL *v.* OLDS.

### *In re* SMALL'S ESTATE.

151  111
f157  1223

1. APPEAL AND ERROR — DILATORY APPEAL — PROBATE COURT — ALLOWANCE—DISCRETION OF COURT.

The allowance of a dilatory appeal from the probate court under section 674, 1 Comp. Laws, is within the sound legal discretion of the circuit judge, and his determination will not be reversed except in a case of clear abuse of discretion.

2. SAME—EXCUSE FOR DELAY—LACK OF FUNDS.

Where a distributee of an estate delayed three and one-half months before appealing, under section 674, 1 Comp. Laws, from an order allowing the final account of the executor, the delay was not excused by the fact that the appellant was without funds and that the executor would not pay over her distributive share except upon her giving her receipt therefor as directed by the probate judge.

Error to Cheboygan; Shepherd, J. Submitted January 20, 1908. (Docket No. 90.) Decided January 31, 1908.

Petition by Etta M. Small for an appeal from the order of the probate court allowing the final account of Millard D. Olds, administrator of the estate of Julia Small, deceased. There was an order denying the petition, and petitioner brings error. Affirmed.

*Bush & Bush,* for appellant.

*Frost & Sprague,* for appellee.

MONTGOMERY, J. This is error to review the action of the circuit judge in refusing to allow a dilatory appeal under section 674, 1 Comp. Laws. The facts necessary to be stated are that the executor filed his final account with the probate court and the same was allowed on the 14th day of July, 1906. The petition for leave to file a

dilatory appeal was sworn to on the 15th day of April, 1907, was heard on the 27th of May, and denied on the 8th of July, on the ground that the petitioner had not shown herself to be without default within the meaning of the statute. The grounds alleged for excusing the delay are that, at the time the order was allowed, the party representing the interest now represented by petitioner, Etta M. Small, was James H. Small, her husband; that he was at the time an invalid and unable to look after his business matters, and did not learn of certain alleged frauds of the executor until after the 60 days had expired. His attorney then petitioned the probate court for a rehearing of the final account, which petition came on to be heard on the 10th of October, 1906. But on the 10th of October it is stated that said attorneys first learned that the executor was indebted to the estate (as is claimed) in the sum of $3,500 for interest, on the ground that the funds of the estate had been commingled with those of his own; that in the meantime, prior to the 10th of October, said James H. Small had died; that proceedings were taken in the estate of James H. Small, and a decree of assignment was made assigning his share of the estate to the petitioner on the 29th of December; that petitioner was then without means; and that the $1,300 which according to the account allowed by the probate court was coming to her, was withheld from the petitioner for the purpose of preventing her from appealing; that on the 29th of March, 1907, the executor turned over the $1,300 to the petitioner, taking her receipt therefor, which receipt was in the following form:

"Received of Millard D. Olds, administrator of the estate of Julia Small, deceased, the sum of thirteen hundred and twelve ($1,312) dollars, the same being my share of the said estate as per the final decree of A. Grieve, judge of probate for Cheboygan county." Signed by the petitioner by her attorney.

We have frequently held that the allowance of an appeal under this statute is within the sound legal discre-

tion of the circuit judge, and that his determination will not be reversed except in a case of clear abuse of discretion. See *Smith* v. *Wayne Circuit Judge,* 82 Mich. 93; *Sanborn* v. *St. Clair Circuit Judge,* 94 Mich. 526.

Whatever may be said of the excuses offered for the delay prior to December 29, 1906, it appears that from that date the petitioner was the sole person interested in the estate of James H. Small, and this had been judicially determined. (As a matter of fact, this was known to her from the date of the death of her husband, October 3, 1906.) But from December 29th on and until the 15th of April, 1907, no action whatever was taken. This was a period of three and one-half months in which nothing whatever was done. The excuse offered for this is that the defendant withheld from the petitioner the money coming to her from the estate. It appears that by direction of the probate judge the executor was required to receive from the distributees several receipts for the moneys paid to them, and he very properly demanded it in this instance of the petitioner. The petitioner herself delayed receiving it until the 29th of March, and then proceeded, 15 days later, to make application for an appeal, after having receipted for her share of the estate.

The only further excuse for this delay of three and one-half months from the 29th of December is that the petitioner was without means. This is not a sufficient excuse, even if credited. The circuit judge was not in error in holding that the delay was too long. See *Hopper* v. *Livingston Circuit Judge,* 139 Mich. 101; *Watson* v. *Kent Circuit Judge,* 125 Mich. 182; *Pickell* v. *Coates,* 147 Mich. 53.

The order of the circuit court is affirmed, with costs.

GRANT, C. J., and OSTRANDER, HOOKER, and CARPENTER, JJ., concurred.