*In re* BRIGHT'S ESTATE.

1. APPEAL AND ERROR—PROBATE APPEALS—TIME—STATUTES.
   After the statutory period for appealing from the orders of the probate court, reasonable diligence is required in making application to the circuit court for leave to appeal, under 1 Comp. Laws, §§ 674, 675.

2. SAME.
   The statute does not, in limiting the time for filing the petition, permit one in default to have a year for the delayed appeal.

3. SAME—DILIGENCE.
   Sickness and absence from his office of the solicitor for petitioner is not so clearly an excuse for a delay of three months that the decision of the lower court will be reversed.

Error to Wayne; Hosmer, J. Submitted April 26, 1909. (Docket No. 90.) Decided June 7, 1909.

Petition by Cecilia Bowe and others for an appeal from an order of the probate court establishing the last will and testament of Catherine Bright, deceased. An order denying the petition is reviewed by petitioners on writ of error. Affirmed.

*George W. Radford*, for appellants.

*Edgar N. Durfee*, for appellees.

The last will and testament of Catherine Bright was offered for probate August 24, 1907, and regularly proved and allowed September 25, 1907. April 2, 1908, 11 of the heirs at law of the deceased filed in the circuit court their petition for leave to appeal from the decree establishing said will. After notice to interested parties and after a hearing, leave to appeal was refused. An opinion was filed May 4, 1908, in which the reasons for refusing leave

are given. It is found that the delay before December 5, 1907, on which day one of the petitioners who appears for herself and as attorney in fact for three others learned of and read the will, is not excused; that the delay from December 5, 1907, to April 2, 1908, is not excused; that it does not appear that justice demands a revision of the order of the probate court. On the same day on which the opinion was rendered the court *ex parte* gave petitioners leave to file supplementary affidavits, and that such affidavits might be considered as having been submitted to and considered by the court as a part of the petition. The order denying leave to appeal was entered May 12, 1908. When the bill of exceptions was presented for settlement, and on August 21, 1908, respondents, over the objection of petitioners, filed four affidavits which are returned to this court as part of the record upon the certificate of the circuit judge, which reads: "I submit same attached hereto for such consideration as the Supreme Court may choose to give them, to which petitioners except." Mandamus to compel the vacation of the order of the circuit court was refused June 11, 1908, upon the authority of *Small* v. *Cheboygan Circuit Judge*, 150 Mich. 6 (113 N. W. 370). Thereupon, on October 2, 1908, exceptions were settled, and a writ of error was sued out.

OSTRANDER, J. (*after stating the facts*). It affirmatively appears that the circuit court considered the affidavits of petitioners filed after May 4th. It is presumed, the bill of exceptions having been signed October 2, 1908, that those filed later by the respondents were considered. There is no occasion to discuss the question of the regularity of the practice pursued because we are of opinion that whether the affidavits are or are not considered no reversible error is made out.

The showing made in the first instance by petitioners appears in the petition and in the oral testimony of Margaret Hoffman, one of the petitioners, taken at the hearing. It is averred in the petition that none

of petitioners had any knowledge of proceedings to probate the will or to administer the estate, and were told by relatives interested in the will that they knew of the existence of no will; that deceased had been declared incompetent and her guardian had charge of her affairs, and would attend in due time to the settlement of the estate, of which petitioners would be informed; that they remained in ignorance of the fact that a will had been probated "until about the beginning of the present year" when Margaret Hoffman, calling at the office of the probate judge, learned about and saw the will, informed the remainder of the petitioners, immediately sought the advice of counsel with a view to testing the validity of· the will, and an investigation developed that the will had been probated more than 60 days earlier. No reason is given for further postponing application for leave to appeal.

It is further averred that the testatrix was mentally incompetent when the will was executed, and that it was secured, if at all, by fraud and duress; that within a short time after the alleged execution of the will the testatrix, upon the petition of the chief legatee, was declared to be mentally incompetent, and the executor named in the will was appointed her guardian. These are all of the material averments of the petition. Margaret Hoffman testified that she learned about the will and read it December 5, 1907. It was some time in January that she learned, through counsel, the date of probating the will. She informed some other of the petitioners by mail and otherwise. No copy of the will is set out, and no reference made to the date of its execution. From the opinion we learn that it was executed in 1904 and a guardian for testatrix appointed in 1907. In her affidavit filed later by leave of the court Margaret Hoffman adds nothing which is material to her testimony except that, "between the ascertainment of the facts of the probate of said alleged will and the filing of the petition for appeal, petitioners' solici-

tor was sick and confined to his home, unable to attend to business, and was absent from his office," and that it was difficult and required time to reach some of the petitioners. If the case is rested upon the showing made prior to the filing of the opinion, it is clear no excuse is shown for delay in applying for leave to appeal after it was learned that the will had been probated. Sections 674, 675, 1 Comp. Laws, will not be construed so as to permit one in default under section 669 to have a year in which to petition for leave to appeal. *Hopper* v. *Livingston Circuit Judge*, 139 Mich. 100 (102 N. W. 629); *Small* v. *Olds*, 151 Mich. 111 (114 N. W. 872). To this point in the proceedings, it being assumed that the will was made in 1904 and that the testatrix was declared to be an incompetent in 1907, in which year, in August, she died, it is not so clearly made to appear "that justice requires a revision of the case" that the order should be reversed. If we consider the affidavits which were filed, we find abundant showing sustaining the conclusion of the court below.

Order refusing leave to appeal is affirmed, with costs.

Blair, C. J., and Montgomery, Hooker, and Brooke, JJ., concurred.