*In re* MINER'S ESTATE.

1. APPEAL AND ERROR—PROBATE COURTS—DELAYED APPEAL—DIS-
CRETION OF COURT.

The Supreme Court will not interfere with the allowance of
a delayed appeal from the probate court to the circuit
court where the notice of appeal was promptly given and
an appeal bond filed and approved, but through some mis-
understanding the appeal was not perfected; there being
no evidence of abuse of the court's discretion.

2. EXECUTORS AND ADMINISTRATORS—WILLS—SETTLEMENT.

A compromise settlement between the widow and the ex-
ecutor, growing out of her application for an allowance
for support, should not be held to defeat the intention of
the testator as expressed in his will.

3. LIFE ESTATES—WILLS—DUTY TO PAY TAXES.

A residuary clause in a will requiring the life tenant "to
pay all taxes" does not include assessments for permanent
improvements.

4. WILLS—CONSTRUCTION OF WILLS.

In interpreting a will the instrument should be considered
as an entirety.

5. SAME—CUSTODY OF PROPERTY.

Where the widow, by one clause in her husband's will, was
given the use and net income from the remainder of the
estate, including the homestead, for her natural life or
until her remarriage, such provision to be in lieu of
dower and other statutory allowances, except support
from the estate while it was being settled, not exceeding
12 months' time, and by another clause the executor was
given full power to sell, mortgage and convey any and
all of the estate, to invest and reinvest the same, and
to do any other act in his judgment wise in the care,
management, and settlement of the estate, *held*, that tes-
tator did not intend that the *corpus* of the estate should
be turned over to the widow at the end of 12 months
from the time of probating the will. OSTRANDER, J., dis-
senting.

6. APPEAL AND ERROR—WILLS—EXECUTORS AND ADMINISTRATORS—
ACCOUNTING.

On appeal from an order of the probate court passing upon

the account of the executor, the Supreme Court will not pass upon the question whether the testator, in giving his wife the use and net income of the remainder of the estate, authorized her to so use it as to deplete the body of the estate.

Error to Kent; Perkins, J. Submitted January 15, 1918. (Docket No. 81.) Decided March 28, 1918.

Clark H. Gleason, executor of the last will and testament of Jerome Miner, deceased, presented his second annual account. The account was allowed in part in the probate court, and the executor appealed to the circuit court. Judgment affirming the order of the probate court. The executor brings error. Affirmed in part and reversed in part.

*Gleason & Lee* (*Myron H. Walker*, of counsel), for appellant.

*Jewell & Smith*, for appellee.

MOORE, J. This case arose in the probate court for the county of Kent, was appealed therefrom to the circuit court, there heard and then brought to this court by writ of error. Both appeals were taken by the executor and one of the residuary legatees joined him in the petition for perfecting the delayed appeal.

We quote from the brief of appellant:

"The sole purpose of the appeals is to get a construction of the last will of deceased, and a final determination from its terms, and the terms of an agreement entered into between the widow and the executor, of two questions:

"*First.* Are special improvement taxes on the real estate to be paid from the income or the *corpus* of the estate?

"*Second.* Is the estate to be held in trust by the executor or turned over to the widow, and if so turned over, has the widow the right to consume both the income and the *corpus* of the estate?"

Counsel for the appellee say the record raises the following issues:

1. Was the circuit court authorized to consider the appeal made to it upon the showing before the court?

2. Under the will in question should special improvement taxes be charged against the income of the widow from said estate, or against the *corpus* of the estate?

3. Under the will in question should the residue of the property, after the payment of debts and legacies be turned over to the widow, or held in trust by the executor?

4. Does the agreement of July 2, 1914, bar the widow from claiming that the residue of the estate be turned over to her?

A great deal of space is occupied in the briefs of counsel in discussing the question of whether the case was properly in the circuit court. After the hearing in the probate court, counsel for appellant promptly gave notice of an appeal to the circuit court, an appeal bond was filed and approved. The probate judge directed upon whom the notice of appeal should be served. It was promptly served and notice of service filed, but through some misunderstanding the appeal was not perfected. After a hearing a delayed appeal was allowed. We have often held that unless there was an abuse of discretion in allowing a delayed appeal that we would not interfere. Some of the cases are *Sanborn* v. *St. Clair Circuit Judge,* 94 Mich. 519; *Merriman* v. *Jackson Circuit Judge,* 96 Mich. 603; *Small* v. *Olds,* 151 Mich. 111. We do not think we should interfere as to this feature of the case.

Much time is also spent in arguing the effect of a compromise settlement entered into between the widow and the executor growing out of her application for an allowance for support. Whatever else should be said of this agreement it should not be held to defeat the intention of the testator as expressed in his will.

The other two questions must be decided by considering those parts of the will reading as follows:

"*Ninth.* All the rest, residue and remainder of my estate including the homestead where I now live, I give, devise and bequeath in manner as follows, viz.: I wish my said wife to have the use and net income thereof during her natural life, provided she do not again marry, such use to terminate on her remarriage or death, she to pay all taxes thereon and keep the buildings properly insured and in repair, and on her remarriage or death what then remains of such residue of my estate shall pass to the children of my four deceased brothers, Albert Miner, Hubbard Miner, Homer Miner and Frank Miner, the same to be divided between said children share and share alike, to hold the same to them, their heirs and assigns forever. I think there are fourteen such children now living. The provision herein made for my said wife is intended to be in lieu of dower and other statutory allowances, except support from my estate while it is being settled not exceeding twelve months' time.

"*Tenth.* I hereby nominate and appoint Clark H. Gleason of Grand Rapids, Mich., to be the executor of this my will, and I give to him full power to sell, mortgage and convey any and all of my estate, to invest and reinvest the same, and to do any other act in his judgment wise in the care, management and settlement of my estate, without first obtaining leave or license of any court in the premises."

The item of a special improvement assessment amounting to $54.99 was directed to be paid out of the *corpus* of the estate instead of the income.

It is the claim of appellant that as Mrs. Miner is to have the use and net income and is "to pay all taxes" she must pay not only ordinary taxes but taxes for improvements. No case directly in point sustaining that contention is called to our attention. A somewhat similar case is that of *Chamberlin* v. *Gleason,* 163 N. Y. 214. The court said in part:

"The will of the testator, under which the life tenant and remaindermen derive title, provides: 'My wife (plaintiff) shall pay all taxes assessed against said house and lot during her lifetime' * * * We think the testator did not intend to include assess-

ments for permanent improvements in the word taxes as used by him in the will."

This construction appeals to us, otherwise the entire income of the plaintiff might be required to pay a paving or other extraordinary tax, a result not intended by the testator.

The other question, Who is now entitled to the *corpus* of the estate? is a difficult one to solve because of the phraseology of the will. The position of counsel for the appellee is stated as follows:

"It is the position of the widow in this case that the word 'use' means custody and control and that the words 'use' and 'net income' mean custody and control with a right to have the net income and that the provision that she shall pay the taxes and keep the buildings properly insured and in repair signify the intention of the testator that she should have the custody and income direct and not through an executor or trustee who would otherwise be charged with this duty, and that the portion of the will providing that the provision for the wife is in lieu of dower and other allowances except 'support from my estate while it is being settled, not exceeding twelve months' time,' indicates very strongly the intention of the testator that settlement of the estate should be made within twelve months' time; otherwise the testator would be granting the use and net income (under the appellant's theory) and also support from the estate while it was being settled, which period under their theory would continue until her remarriage or death. She further contends, as above set forth, that the power to sell, mortgage, convey, invest and reinvest the estate was a provision made solely in view of the character of the estate; it being necessary in order to make it profitable that the moneys coming in on land contracts should be promptly invested and reinvested and that the repeated use of the word 'settlement' further indicates an intention on the part of the testator that the estate was to be settled and not kept open. The exercise of this power by the executor would facilitate rather than delay the settlement of the estate which by the repeated use of the term it is evident was uppermost in his mind." * * *

It seems to us that this argument does not give sufficient effect to the provisions of the 10th subdivision of the will.

It is a familiar rule that in interpreting a will the instrument should be considered as an entirety. *Robinson* v. *Finch*, 116 Mich. 180. Mr. Justice BROOKE, in *Kirscher* v. *Todd*, 195 Mich. 297, 308, said in part:

"The primary rule of construction is to ascertain the true intention of the testator. That intention must be ascertained from a consideration of all the provisions of the will itself and in the light of the circumstances surrounding the testator at the time the will was made and his relations with the several objects of his bounty. Having so ascertained his intention, it is the duty of the court to give that intention effect if that be legally possible."

Mr. Justice FELLOWS in *Re Blodgett's Estate*, 197 Mich. 455, 463, said:

"Let us now consider the will in its entirety, because to arrive at the intent of the testator we must have regard for all provisions of the will and all language used."

If we apply this rule to the instant case and give effect to subdivision 10th as well as subdivision 9th, we think it clear that Mr. Miner did not intend that the *corpus* of his estate should be turned over to Mrs. Miner at the end of twelve months from the time of probating the will.

Counsel for appellant ask us to construe the terms of the will fully. Counsel for the appellee question whether this can be done in this proceeding, but say if it can we should say:

"It was the intention of Jerome Miner when he drafted this will that, after the payment of his debts and legacies, the property should be turned over to his wife, and that she might not only have the net income thereof, but that she might use it and, if necessary, encroach upon the principal, the objects of her use not

being limited, and that trusting in her discretion, he intended that only that portion of his estate which she should not expend should descend to his unknown nephews and nieces."

We cannot ignore the fact that this is an appeal from an order of the probate court passing upon the account of the executor. It is not a proceeding in chancery to construe the provisions of a will. We do not feel at liberty to pass upon the question of whether the testator in giving his wife the use and net income of the rest, residue and remainder of his estate has authorized her to so use it as to deplete the body of the estate.

The order of the probate court is affirmed in part and reversed in part, as indicated herein, without costs to either party.

BIRD, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred with MOORE, J.

OSTRANDER, C. J. I think that the widow, the executor's account being passed, is entitled to the custody of the estate. In other respects, I concur with Justice MOORE.