McKAY *v.* MACOMB CIRCUIT JUDGE.

APPEAL AND ERROR—DELAYED APPEAL—PROBATE COURTS — MANDAMUS.

    Mandamus will lie to compel the circuit judge to vacate an order allowing a delayed appeal from the order of the probate court admitting a will to probate, where there was no showing under 3 Comp. Laws 1915, §§ 14156, 14157, that justice required a revision of the case.

Mandamus by Henry J. McKay, executor of the last

will of John C. Batchelder, deceased, to compel James
G. Tucker, circuit judge of Macomb county, to vacate
an order allowing an appeal from an order of the pro-
bate court.     Submitted January 23, 1923.     (Calendar
No. 30,145.)     Writ granted March 22, 1923.

*Miller, Canfield, Paddock & Perry,* for plaintiff.

*Earl I. Heenan* and *Lynn M. Johnston,* for defend-
ant.

MOORE, J.   John C. Batchelder, now dead, made a
will on September 24, 1920, bequeathing to his heirs at
law all his household goods and bric-a-brac, appraised
at upwards of $4,000.   He devised his home to the
trustees of the Protestant Episcopal church for the
diocese of Michigan, in trust, to hold and maintain as
a home for boys, and left the residue of his estate
to them to endow such home, which he desired should
be named the "Sarah Clark Home" in memory of his
mother.   He was unmarried and had no relatives de-
pendent upon him, and none nearer than cousins.   The
will was duly admitted to probate December 1, 1920,
and the executor proceeded to administer the estate.
Claims were ordered to be heard by the court, and
there being none presented, an order was made May
19, 1921, closing the hearing of claims.   The executor
on July 6, 1921, having paid the undertaker and sexton
for the funeral expenses and the doctor for the ex-
penses of the last sickness of deceased, filed his final
account showing these payments and a due administra-
tion of the estate.

On the 21st and 28th days of September, 1921,
respectively, the petitioners, who were cousins of the
deceased, filed petitions in the Macomb county circuit
court for leave to appeal from the order admitting the
will to probate.   In support of their petitions they
filed the affidavit of Louella Harrington.   In opposi-

tion to said petitions were filed the affidavits of a number of the deceased's friends, and Dr. King who attended the deceased during his last illness, Mr. Henry J. McKay, the executor who drew the will, and Mr. George L. Canfield, an attorney, who attended the hearing on the executor's final account. The circuit judge on January 6, 1922, entered an order allowing the appeals.

The petition for writ of mandamus was filed February 1, 1922, but service thereof was delayed for many months on account of the illness of Judge Tucker. The answer of the defendant, signed by a visiting circuit judge, was filed on November 2, 1922.

The petitioner for mandamus claims:

"(1) Petitioners did not show themselves to be without default in having omitted to claim their appeal seasonably according to law;

"(2) It was not shown that justice required a revision of the case;

"(3) All debts of said estate had been paid prior to the filing of the petitions and therefore, the petitions were filed too late."

In our view of the case it will be necessary to consider only the second of these claims. The controlling statute reads:

"If any person aggrieved by any act of the judge of probate, or by the determination of commissioners on claims, shall from any cause, without default on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on .the petition of the party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be. taken and prosecuted with the same effect as if it had been done seasonably." 3 Comp. Laws 1915, § 14156.

"No such appeal as provided in the preceding section shall be allowed without due notice to the party adversely interested, nor unless the petition therefor

shall be filed within one year after the making of the decree or order complained of, and then such appeal shall not be allowed if the debts of said estate have been paid, or the estate distributed to the persons entitled thereto in due course of law." 3 Comp. Laws 1915, § 14157.

While the proceeding before us is not a proceeding on the merits, it was said by Justice GRANT in *Sanborn* v. *St. Clair Circuit Judge,* 94 Mich. at p. 526:

"It is within the power and duty of the court to whom the petition is addressed to consider both the petition and answer, and determine (1) whether the petitioner is without default; and (2) whether it appears that justice requires a revision of the case. The petition in this case sets forth sufficient to call for the exercise of this judgment on the part of the court and therefore we cannot disturb it. *Smith* v. *Wayne Circuit Judge,* 82 Mich. 93."

The sworn petitions of the petitioners bear only upon the question of their laches in not filing the petitions earlier, and require no further discussion. The affidavit of Louella Harrington bears upon the physical and mental condition of Mr. Batchelder, when he made the will, and, it is claimed, shows that justice requires that the delayed appeal should be allowed.

It is claimed that the will is the result of undue influence or, mental incompetency or both. If there should be a trial upon the merits, if the same state of facts were sworn to by the affiant as a witness that is sworn to in the affidavit it would not show undue influence. See *In re Ferris' Estate,* 191 Mich. at p. 144 *et seq.* Also *In re McIntyre's Estate,* 193 Mich. at p. 279 *et seq.* It would have been the duty of the trial court to say that no undue influence was shown.

We also think it would have been the duty of the trial judge to instruct the jury that there was no proof of mental incompetency. See *In re Weber's Estate,*

201 Mich. 477; *In re Cochrane's Estate,* 211 Mich. 370.   It would be unjust to subject the estate to the delay and expense of litigation upon the showing made by the petitioners.

We do not think the requirements of the statute have been met, and the writ of mandamus will issue as prayed, with costs against contestants.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.