*In re* QUINLAN'S ESTATE.

QUINLAN *v.* QUINLAN.

1. MANDAMUS—APPEAL AND ERROR.
   There being no judgment in circuit court, mandamus, and not error, is proper method for review of denial of petition for delayed appeal from disallowance of claim against estate in probate court.

2. EXECUTORS AND ADMINISTRATORS—DELAYED APPEAL FROM PROBATE COURT.
   Under 3 Comp. Laws 1915, §§ 14156, 14157, delayed appeal from disallowance of claim against estate in probate court was properly denied, where debts of estate had been paid.

Error to Saginaw; Martin (William H.), J. Submitted April 9, 1930. (Docket No. 39, Calendar No. 34,802.) Decided June 2, 1930.

Petition by Maurice J. Quinlan for allowance of a claim against the estate of his father, Michael Quinlan. Plaintiff reviews by writ of error denial of petition for delayed appeal. Affirmed.

*Otto & Holland,* for plaintiff.

*A. Elwood Snow,* for defendant.

WIEST, C. J.   Maurice J. Quinlan presented a claim against his father's estate for services, board, and nursing.   The claim was disallowed by commissioners.   Within proper time claimant executed a claim of appeal and a bond and left the same with his attorney to perfect an appeal.   Two days later the attorney became seriously ill, could not attend to any business, and did not recover until too late to seasonably perfect the appeal.   An application was made to the circuit court to allow a delayed appeal, upon the showing above mentioned and an averment and showing that the claim was meritorious.   The court denied the application, and claimant sued out a writ of error.

There being no judgment in the circuit court, mandamus, and not error, is the method for review. However, the point not being raised, and the case having been argued in open court by attorneys representing the parties, we will determine whether the circuit court should be directed to allow the appeal.

The statute, 3 Comp. Laws 1915, § 14156, vests discretionary power in the circuit court to allow a delayed appeal from determination of commissioners on claims, under specified circumstances. But section 14157 forbids such an allowance "if the debts of said estate have been paid, or the estate distributed to the persons entitled thereto in due course of law."   The executrix of the estate objected to the allowance of the delayed appeal "Because the debts of said estate had been paid prior to the filing of said petition."   The circuit judge found that the debts had been paid.

We are urged to hold that until the debts are paid *and* the estate distributed, an appeal may be allowed. This we cannot do. If the debts of the estate were paid, there could be no delayed appeal allowed. In an estate where there are no debts, and the estate has been distributed to the persons entitled thereto in due course of law, then there can be no delayed appeal allowed. Petitioner's case falls within the first prohibition of the statute.

The mentioned prohibition is not in abeyance, pending the final account of the executrix, payment of bequests, or an order assigning the residue and closing the estate. For the reason stated, the circuit court was right in denying a delayed appeal.

Affirmed, with costs to the estate.

BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.