HAWGOOD v. HOWARD'S ESTATE.

1. WILLS—DELAYED APPEAL FROM PROBATE COURT—ABUSE OF DISCRETION.

   Denial of petition for delayed appeal from order of probate court admitting will to probate must stand unless there was abuse of discretion.

2. SAME—NOTICE—DELAYED APPEAL—FOREIGN HEIRS.
    Want of notice of probate proceeding furnished foreign heirs
    with good excuse for not appealing within statutory period,
    but required prompt use thereof to be of avail (3 Comp. Laws
    1929, §§ 15603, 15969).

3. SAME—INEXCUSABLE DELAY.
    Where foreign heirs did not apply for leave to appeal from
    probate court within three months after notice of proceeding
    therein, they are not entitled to delayed appeal under 3 Comp.
    Laws 1929, § 15971.

4. SAME—ILLNESS OF ATTORNEY AS EXCUSE FOR DELAY.
    Illness of one of attorneys for period of eight weeks is no excuse
    for delay of six months in appealing from probate court.

5. SAME—SEARCH FOR EVIDENCE AS EXCUSE FOR DELAY.
    Want of diligence in appealing from probate court is not excused
    by time taken in search for evidence tending to show meri-
    torious cause for contest.

6. SAME—WHEN DELAYED APPEAL ALLOWABLE.
    Where, on face of record, probate court had jurisdiction, delayed
    appeal may only be allowed in case it is established that
    justice requires revision of case (3 Comp. Laws 1929, § 15969).

7. SAME—WHEN DELAYED APPEAL PROPERLY DENIED.
    Where showing was insufficient to establish that justice requires
    revision of case, and there was inexcusable delay in appeal-
    ing from probate court, delayed appeal was properly denied
    (3 Comp. Laws 1929, § 15969).

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted June 7, 1932. (Calendar No. 36,350.)
Decided September 16, 1932.

On petition of Henry Hawgood and others, for-
eign heirs, for delayed appeal from order of probate
court admitting to probate the will of George W.
Howard (Hawgood), deceased. Plaintiffs appeal
from order of denial. Affirmed.

*Frederick W. Bauer* and *Frank A. Martin,* for ap-
pellants.

*Abbott & Coulter, McLeod, Fixel, Abbott & Fixel, Renaud & Coash,* and *James A. Henderson,* for appellee.

WIEST, J. This is an appeal, in the nature of mandamus, to vacate an order in the circuit court denying an application for a delayed appeal from the probate court and direction to the circuit judge to allow the appeal.

Plaintiffs, by motion, ask that defendant's brief be stricken from the files for failure to serve notice of appearance under Court Rule No. 62. We decline to deprive ourselves of help furnished by defendant's brief. The motion is denied, but without costs.

In the circuit court plaintiffs, on November 12, 1931, petitioned for leave to appeal from an order of the probate court, entered December 10, 1930, admitting to probate the will of George W. Howard, deceased. Petitioners are residents of Canada, and heirs-at-law of the testator, and were not given notice of the proceeding in the probate court and did not learn of testator's death and probate of the will until May, 1931, at which time they employed an attorney to look after their interests. The attorney was taken sick, was ill eight weeks, and engaged an associate to help make an investigation. The petition for leave to appeal was denied, and such denial must stand unless there was an abuse of discretion.

The heirs-at-law complain of want of notice. The statute (3 Comp. Laws 1929, § 15603) in force at the time the will was filed for probate, provided:

"Whenever it shall appear upon application to any probate court * * * to prove the will of any deceased person, that the heirs-at-law of said deceased, or any of them, are residents of a foreign country, it shall be the duty of the judge of such probate

court to notify the consul of such foreign nation in the city of New York, or the consul, vice-consul, or consular agent, resident in this State, if there be one of such foreign nation, of the pending of, and the day appointed for hearing such application.''

The record does not show, but we assume from statements in the briefs, that the petition for probate of the will was filed by Hannah Elizabeth June, former housekeeper for testator and principal beneficiary under the will. This petition did not inform the court of the heirs-at-law in Canada. Notice, in due form, was given to all persons mentioned in the petition, and jurisdiction of the probate court was exercised in accord with the statutory provisions applicable to the petition filed, and it is not enough now to show that, had the petition been different, then the invoked provision of the statute would have been applicable. Want of notice furnished plaintiffs with a good excuse for not appealing within the time allowed by statute, but required prompt use thereof to be of avail.

Plaintiffs also invoke 3 Comp. Laws 1929, § 15969, which provides:

''If any person aggrieved by any act of the judge of probate * * * shall from any cause, without default on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on the petition of the party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably.''

Defendant claims that plaintiffs have not made a showing that justice requires a revision of the case, citing *McKay* v. *Macomb Circuit Judge,* 222 Mich. 244, and, besides, claims that the debts of the de-

ceased were paid before the application for appeal was filed, and, therefore, under 3 Comp. Laws 1929, § 15970, and our holding in *Re Quinlan's Estate,* 250 Mich. 684, application for the delayed appeal could not be entertained.

To this plaintiffs call attention to 3 Comp. Laws 1929, § 15971, which provides:

"If the petitioner shall be without the United States at the time of passing the decree or order, or making the determination, he may file his petition within three months after his return, provided it be done within two years after the act complained of; but no such petition shall be allowed after the payment of the debts of the estate and the distribution thereof to the parties entitled thereto by due course of law,"—

and aver there has been no distribution of the estate.

The contention of defendant that the last-mentioned statute

"has no application whatsoever, to the case at bar, as it clearly refers to a petitioner who, at the time of the entry of the order complained of, had previously left the United States and subsequently returned and who, after his return, and within three months thereafter, filed his petition,"—

and inasmuch as the petitioners here are residents of Canada and there is no showing that they had ever been in the United States previous to 1931. This contention overlooks the holding of this court in *Re Alston's Estate,* 229 Mich. 478, that aliens are not deprived of the benefit of this statute. This statute does not help plaintiffs, for they did not apply for leave to appeal within three months after full knowledge of the action had in the probate court.

Illness of one of the attorneys for a period of eight weeks is no excuse for the delay of six months. *In re Bright's Estate,* 157 Mich. 220. Neither is want of diligence excused by time taken in a search for evidence tending to show a meritorious cause for contest.

Upon the face of the record the probate court had jurisdiction and the appeal, if any, can only be allowed in case it is established that justice requires a revision of the case.

This brings us to consideration of the showing made by plaintiffs in support of a contest. An affiant stated that, for a number of years prior to 1918, testator indulged in the drinking of, intoxicating liquors to a considerable degree, and after 1918 his indulgence greatly increased, and he noticed that testator was forgetful, subject to lapses of memory, and at times was irrational and would forget at times that deponent, who was a tenant, had paid his rent, and sometimes failed to recognize deponent when they met on the street or elsewhere, and would tell deponent not to bother him because he did not want to talk, and, on numerous occasions, testator was abusive to Hannah Elizabeth June, and after the year 1920 he attempted to attack Mrs. Ernest Collough, and had to be restrained by deponent, and afterwards stated he had no recollection whatsoever of the attempted attack, and there was something wrong with his head because he suffered unbearable pains therein at times.

The will was executed February 25, 1920, and the codicil on October 30, 1930. The showing falls far short of providing an issue for a jury.

It is not shown that testator was laboring under any mental incompetency or undue influence at the time he executed the will and codicil.

We cannot say that justice requires a revision of the case, and, for this reason, and because of inexcusable delay, the order denying leave to appeal is affirmed, with costs against plaintiffs.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.