BACKING *v.* ESTATE OF BACKING.

1. APPEAL AND ERROR—PROBATE COURT—DELAYED APPEAL—DISCRETION OF COURT.

The allowance of a delayed appeal from an order of the probate court is discretionary with the circuit court (CL 1948, § 701.43):

2. SAME—DELAYED APPEAL—BURDEN OF PROOF.

The burden of showing reasons for a delayed appeal from an order of the probate court is upon the party seeking it (CL 1948, § 701.48).

3. SAME—DISCRETION OF COURT.

The Supreme Court does not reverse the determination of a circuit judge in his exercise of discretionary power unless it appears that there has been a clear abuse of discretion, not merely that the judgment was not one which the Supreme Court would not have rendered had it been in the position of the circuit judge but a judgment which was clearly against reason and the evidence or which was arbitrary and unreasonable.

4. COURTS—PROBATE COURT—JURISDICTION—PETITION.

Probate court acquired jurisdiction to probate estate on petition, regular in form, showing that deceased died in the county and left an estate to be probated.

5. SAME—PROBATE COURT—JURISDICTION—ESTOPPEL.

Heir of intestate decedent was estopped to challenge jurisdiction of probate court where his waiver of notice of appointment of administratrix had been filed and he had invoked the aid of the court to have her discharged.

REFERENCES FOR POINTS IN HEADNOTES

[1, 7]  3 Am Jur, Appeal and Error § 417.
[2]  3 Am Jur, Appeal and Error § 447.
[3, 7]  3 Am Jur, Appeal and Error §§ 959, 960.
[5]  21 Am Jur, Executors and Administrators § 109.
[6]  3 Am Jur, Appeal and Error § 443.

6. APPEAL AND ERROR—DELAYED APPEAL—PROBATE COURT—BURDEN OF PROOF—PRIMA FACIE CASE—DISCRETION OF COURT.

Petitioner for delayed appeal from an order of the probate court has the burden of proof to satisfy the circuit court that justice requires a revision of the case and in doing so must submit sufficient facts to make out a prima facie case in order that the court may exercise its discretion (CL 1948, § 701.43).

7. SAME—PROBATE COURT—PETITION FOR DELAYED APPEAL—PLEADING.

Order denying petition of intestate decedent's heir for delayed appeal from order of the probate court allowing final account of administratrix because of alleged failure to include various items of income is not disturbed, where petition fails to show source of alleged omitted items, how estate might enforce collection, names and residences of debtors, approximate date of items mentioned or that the debtors were within reach of the process of the court (CL 1948, § 701.43).

Appeal from Manistee; Neal (Max E.), J. Submitted April 23, 1953. (Calendar No. 45,297.) Decided June 8, 1953.

Fred Backing filed application for belated appeal from order of probate court in estate of Louis Henry Backing, deceased. Appeal denied. Plaintiff reviews by appeal in nature of mandamus. Affirmed.

*Eugene Christman,* for plaintiff.

*Campbell & Campbell,* for defendant estate.

SHARPE, J. Louis Henry Backing died November 12, 1942. His widow, Carolina Backing, filed a petition in the probate court of Manistee county, Michigan, to have his estate administered according to law. The petition recited that Louis Henry Backing, at the time of his death, was a resident of the city of Manistee in said county and that the estate consisted of real estate, $15,000, and personal estate, $5,000, in Manistee county.

On September 13, 1944, an order was entered appointing Carolina Backing administratrix of said estate. On November 20, 1944, an order was entered allowing claims and for payment of debts. On June 23, 1947, an account of Carolina Backing, as administratrix, was filed showing receipts and disbursements and on March 23, 1950, a final account was filed; however, on February 21, 1950, an order was entered removing Carolina Backing as administratrix of the estate and Leonard Hanson was appointed administrator of said estate. On April 21, 1950, Fred Backing, a son of Louis Henry Backing, filed a notice of appeal to the circuit court of Manistee county from the order of the probate court allowing the final account. The reasons stated in the appeal are as follows:

"This court is without jurisdiction to administer the estate of the above-named decedent and consequently to enter an order allowing the account of the administrator for the reason that the decedent was neither an inhabitant nor a resident of the county of Manistee at the time of his death, and the court has acquired no jurisdiction of his estate. * * *

"That the allowance is contrary to the best interest of said estate for the reason that it did not contain nor make allowance for certain items of income totalling the sum of $4,228.09, which said items were either collected by the administrator or his predecessor.

"That said account ought to be disallowed because it does not include various items of income belonging to said estate, in the hands of parties known to the administrator.

"The final account in said estate is premature for the reasons that there are outstanding certain items of indebtedness, which the administrator, by the exercise of ordinary care, should be able to collect."

On June 29, 1950, a motion to dismiss the appeal was filed by the administratrix of the estate. The

reasons stated for dismissal of the appeal are as follows:

"That no notice of said appeal was served upon the appellee, Carolina Backing, administratrix of said estate or her attorneys, as provided in the order of the probate court dated April 25th, 1950.   *   *   *

"That said appellant has not filed with said circuit court, a record consisting of the certified copies of the probate court record appealed from as required by statute and as shown by the certificate of the county clerk now on file in this cause and on file with the probate court for the county of Manistee.

"That more than 60 days have elapsed since the entry of the order attempted to be appealed from and said probate court has no jurisdiction to extend the time for taking of such appeal.

"That more than 10 days have elapsed since the beginning of the first term of court following the claim of such appeal, and no motion or order has been made or entered therein reinstating said appeal.

"That the circuit court by reason of such failure to take and perfect said appeal does not have jurisdiction of the person nor subject matter thereof."

On November 24, 1950, an order was entered granting the motion to dismiss the appeal. On December 15, 1950, Fred Backing filed a petition in the circuit court for a delayed appeal in which he alleges:

"That heretofore to wit on or about the 23d day of April, A.D. 1950 a claim of appeal from an order entered by the probate court, dated April 10, 1950, allowing the final account of the administratrix of said estate, was duly filed by this petitioner in said probate court, that thereafter on April 25, 1950 a properly executed bond on appeal was filed therein, which said bond was duly approved by said probate court; that on said April 25, 1950 said appellant, through his attorney, Eugene Christman, by a request in writing made to the Honorable Max C. Hamlin, judge of probate, ordered a certified copy of the

order providing for service of the notice of appeal and presented to said court an unexecuted copy thereof for such purpose; that said attorney did make, on said day, in writing, a request for certified copies of the entire proceedings to be used in connection with said appeal, to wit:

"1. Order appointing Mrs. Backing administratrix, together with proof of publication or waiver of Fred Backing, if the same appears of record.

"2. The inventory and appraisal or any amendments thereto.

"3. The order allowing claims, if such has been entered.

"4. The account of June 17, 1947.

"5. The account of March 16, 1950 and the order allowing.

"6. The order removing the administrator and appointing a substitute.

"Further that the fees provided by law for the preparation of said certification were duly tendered to said court at the time of said request.

"That the record of proceedings so requested was not furnished said attorney until Friday, June 30, 1950 and after filing of a motion to dismiss said appeal hereafter argued in this court and dismissed by virtue of the order entered November 29, 1950.

"That if failure of said attorney to properly perfect said appeal within the statutory period was negligence on the part of said attorney, it does not constitute culpable negligence on the part of this appellant, since appellant relied upon his said attorney to take the necessary steps in perfecting said appeal.

"Petitioner further alleges that said attorney was diligent in every way in obtaining a certified copy of the order providing for service on appeal but that it was impossible because of the work of the probate office for the probate office to get the record out on time.

"Petitioner further alleges that he has a meritorious basis for his appeal by reason of the following facts:

"(a) The probate court is without jurisdiction to administer the estate of the above-named decedent for the reason that decedent was neither an inhabitant nor a resident of the county of Manistee at the time of his death.

"(b) The allowance of said account was contrary to law, the court having no jurisdiction to enter the same.

"(c) The allowance of the account was contrary to the best interest of said estate in that it did not contain items of income received by the administratrix or her predecessor, totalling the sum of approximately $4,228.09.

"(d) Said account ought to be disallowed because it did not include various items of income belonging to said estate but permitted by the administratrix to remain in the hands of certain of the heirs of said estate.

"(e) Said account ought not to be allowed because the administratrix was negligent in collecting certain items of indebtedness owing to said estate which the administratrix should have collected by the exercise of ordinary care."

On May 24, 1951, an order was entered denying petitioner's petition for a delayed appeal. In an opinion filed, the trial court found as a fact that the failure to timely perfect the appeal was not due to the fault or neglect of petitioner. The court also held that justice did not require a revision of the case. Upon leave being granted, petitioner appeals and urges that justice requires a revision of the order of the probate court entered April 14, 1950, allowing the final account of the administratrix of the estate. It is agreed that the sole issue is whether the trial court abused its discretion in denying petitioner a delayed appeal.

CL 1948, § 701.43 [Stat Ann 1943 Rev § 27.3178 (43)] provides:

"If any person aggrieved by any act of the judge of probate shall from any cause, without default on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on the petition of the party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably."

The allowance of delayed appeal is discretionary with the trial court and the burden of showing reasons for a delayed appeal is upon the party seeking it. We do not reverse the determination of the circuit judge unless it appears that there has been a clear abuse of discretion. See *Clark* v. *Berrien Circuit Judge,* 194 Mich 180. In *Taylor* v. *Bay Circuit Judge,* 234 Mich 363, 366, we said:

"The statute leaves the question to the discretion of the circuit judge, and unless there is a clear abuse of that discretion this Court will not disturb his finding. There is no abuse of discretion if the facts presented are fairly passed on by the circuit judge. His judgment may be erroneous. It may not be such a judgment as we would have rendered in determining the facts, but, unless it is clearly against reason and the evidence, or shows that he acted arbitrarily and unreasonably, it cannot be said that it was an abuse of discretion."

Petitioner's request for a delayed appeal was based upon 5 reasons, the first of which, is that the probate court was without jurisdiction to administer the estate of Louis Henry Backing in that decedent, at the time of his death, was not a resident of Manistee county. The record shows that on February 10, 1943, Carolina Backing, widow of deceased,

filed a petition in the probate court of Manistee county to have the estate of Louis Henry Backing administered.  The petition recited: "Said deceased was, at the time of his death, an inhabitant of the city of Manistee in said county."  On September 13, 1944, the probate court entered an order in part as follows:

"On reading  *  *  *  petition of Carolina Backing, widow  *  *  *  praying  *  *  *  administration of said estate be granted to Carolina Backing  *  *  *  and waivers notice of the hearing on said petition having been filed  *  *  *  and no one appearing in opposition thereto;

"It appearing to the Court;  *  *  *  that he was at the time of his death, an inhabitant of the city of Manistee."

Approximately 6 years later petitioner invoked the power of the probate court by filing a petition in said court "asking for removal of the administratrix, Carolina Backing, and for a full and complete accounting from her as such administratrix."  Moreover, petitioner did not raise this issue until he filed his first petition and notice to appeal on April 21, 1950.  The trial court in discussing this issue said:

"Reason (1) is predicated upon the ground that the deceased at the time of his death was not a resident or inhabitant of Manistee county, whereby the probate court acquired no jurisdiction to administer his estate.  It appears from the probate record that the petition for the administration of the deceased's estate was presented by his widow, Carolina Backing, and verified on February 10, 1943.  It contains a recital that deceased died November 12, 1942, an inhabitant of the city and county of Manistee and left estate therein, as well as in Mason and Houghton counties.  It names the widow, the petitioner, as a resident of Manistee.  It names the appellant, Fred A. Backing, as a son and heir of deceased, of Free-

soil, in Mason county. The petition, on its face, conferred jurisdiction upon the probate court to administer the estate.

"In this connection it may also be noted that the court in appointing Mrs. Backing administratrix of the estate, in legal effect, determined that the deceased was a resident or inhabitant of Manistee county at the time of his death and was possessed of estate therein, as alleged in her petition. Otherwise, it may be presumed, that the court would not have proceeded with the administration of the estate. This finding was not appealed from or questioned by appellant until he filed his reason for the appeal in April, 1950."

In our opinion the petition for the appointment of an administratrix was regular in form showing that deceased died in Manistee county leaving an estate to be probated. Under such circumstances the probate court acquired jurisdiction of the cause. We are also of the opinion that petitioner having signed a waiver of notice on the petition for appointment of an administratrix on February 10, 1943, and having invoked the aid of the court to have the administratrix discharged, is now estopped to challenge the jurisdiction of that court. The other reasons given by petitioner are in substance as follows:

"That the allowance of the account was contrary to law; that the account failed to make allowance for certain items of income, totaling $4,228.09; that it did not include various items of income belonging to the estate, in the hands of parties known to the administratrix, and that there were certain items of indebtedness outstanding which should have been collected in the exercise of due care."

The trial court in considering the other reasons advanced by petitioner stated:

"Does the showing in appellant's sworn answer and in his petition for the delayed appeal, conform to

these rules? I am of the opinion that they do not. The showing is not sufficient to permit the court to make a finding that justice requires a revision of the case.

"First, considering briefly reasons (2)–(5) inclusive. They fail to present any evidential facts upon which the court may exercise its discretion.

"Reason (2) is merely the conclusion of the pleader. The nature of items (3), (4) and (5) are merely described in general terms. It does not appear from what source they arise, or the nature of the assets or transactions from which they are claimed to be derived or in what manner the estate may be charged with an interest therein or with the duty to enforce either the collections or payments of the alleged claims.

"The names and residence of the debtors are not given or even the approximate date of the items mentioned. It does not affirmatively appear that the items, if valid claims were within the authority and jurisdiction of the court to collect, or that the debtors themselves were within reach of its process."

The burden of proof is upon petitioner to satisfy the court that justice requires a revision of the case. In doing so, petitioner must submit sufficient facts in order that the court may exercise its discretion. The facts shown must be sufficient to make out a prima facie case. See *McKay* v. *Macomb Circuit Judge*, 222 Mich 244, and *Hamler* v. *Shiawassee Circuit Judge*, 227 Mich 235.

We are in accord with the reasoning of the trial court in denying the belated appeal. Justice does not require a revision of the case. The order of the circuit court denying petitioner's belated appeal is affirmed, with costs to the estate.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, BOYLES, and REID, JJ., concurred.