*In re* GILLESPIE ESTATE.

FARRELL *v.* MUDGETT.

1. APPEAL AND ERROR—MOTION TO FILE DELAYED APPEAL—DISCRETION OF COURT—QUESTIONS REVIEWABLE.

   The propriety or justice of an order of the probate court is not involved in an appeal from an order denying motion for leave to file a delayed appeal to the circuit court from the order, but rather the sole determination to be made is whether or not the circuit judge has abused his discretion in denying leave to appeal (CL 1948, § 701.43; Court Rule No 75, § 6 [1945]).

2. SAME—DELAYED APPEAL—DISCRETION OF COURT—BURDEN OF PROOF.

   The allowance of a delayed appeal from the probate court is discretionary with the circuit court and the burden of showing reason for a delayed appeal is upon the party making it (CL 1948, § 701.43; Court Rule No 75, § 6 [1945]).

3. SAME—DELAYED APPEAL FROM PROBATE COURT—DISCRETION OF CIRCUIT COURT—SUPREME COURT.

   The determination of a circuit judge as to a motion for a delayed appeal from the probate court will not be disturbed by

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 439 *et seq.*
[2] 3 Am Jur, Appeal and Error § 447.

the Supreme Court unless it appears that there has been a clear abuse of discretion (CL 1948, § 701.43; Court Rule No 75, § 6 [1945]).

4. SAME—DELAYED APPEAL FROM PROBATE COURT—DISCRETION OF CIRCUIT COURT—EVIDENCE.

Record presented on trustee's appeal from order of circuit court denying his motion for delayed appeal from order of probate court ordering him to pay beneficiary of trust $100 per month *held,* insufficient to show that the circuit court has abused discretion (CL 1948, § 701.43; Court Rule No 75, § 6 [1945]).

Appeal from Wayne; Bohn (Theodore R.), J. Submitted January 17, 1957. (Docket No. 18, Calendar No. 46,872.) Decided May 17, 1957. Rehearing denied July 31, 1957.

In the matter of the Estate of William M. Gillespie, deceased, Edmund A. Farrell, trustee, presented motion for delayed appeal of probate court order directing him to make payments to Doris Mudgett, guardian of Brenda P. Zoller, a minor, beneficiary under the trust. Motion denied. Trustee appeals. Affirmed.

*Edward N. Barnard,* for trustee.

*Raymond H. McLean,* and *Goldman, Grabow & Katcher,* for guardian.

VOELKER, J. This is an appeal in the nature of mandamus by an executor and trustee named in the last will of William M. Gillespie from an order of a Wayne county circuit judge entered on April 6, 1956, denying appellant's petition, dated March 26, 1956, for a delayed appeal from an order entered by the probate court of that county on July 5, 1955.

The will provided, among other things, as follows:

"Seventh: I hereby give and bequeath to Edmund A. Farrell, the sum of Ten Thousand ($10,-

000.00) Dollars, (In Trust, Nevertheless) for the following purposes: * * *

"(b) I direct my Trustee to pay to my grand-niece, Brenda Pauletta Zoller, for her care, maintenance and support, payable at the rate of One Hundred ($100.00) Dollars per month, subject however to the following conditions: I direct my Trustee to pay to my grand-niece, Brenda, the sum of One Hundred ($100.00) Dollars per month until the balance of the trust fund is exhausted; provided that she continues to remain in her present home or in a home found suitable by my Trustee."

The will further provides that "in the event that the natural parents of my grand-niece, Brenda, shall remove the child from her present home or any other home, or shall attempt to establish a home together with my grand-niece, then it is my express wish and direction that the payment of the said sum of One Hundred ($100.00) Dollars per month shall be stopped and this Trust shall be terminated and held for naught, and that any balance remaining in this Trust agreement then shall be bequeathed to my good friends, Edmund A. Farrell and Mae Farrell, his wife."

On July 15, 1954, a petition was filed in the probate court of Wayne county by Doris M. Mudgett, as guardian of the person and estate of Brenda P. Zoller, praying that the testamentary trustee be appointed and qualify. In its subsequent order of July 5, 1955, the probate court found that the home provided by Doris M. Mudgett, guardian of Brenda P. Zoller, her ward, was suitable, and it further required the testamentary trustee to file a bond in the amount of $10,000 within 15 days. It was further ordered that following qualification the corpus of the estate be delivered to him and that he be required to pay to the guardian the $100 per month provided under paragraph seventh of the will, be-

ginning as of the death of the testator on March 22, 1953. No payments have ever been made by the trustee from the trust in accordance with this probate order.

Appellant's petition in the circuit court for a delayed appeal from the probate court sets forth the following reasons:

"1. Because the court had no jurisdiction to make said order.

"2. Because under the terms of the will the power to determine whether the suitability of the home of the minor ward, Brenda Paulette Zoller, was reposed by the testator in the trustee and the court had no power to determine that such home was suitable.

"3. Because the order is contrary to the best interests of the said ward.

"4. Because the order is contrary to the terms of the trust as set up in the will of the deceased.

"5. Because the order is contrary to the intent of the deceased as expressed in his last will and testament.

"6. Because the court had no jurisdiction or power to decree that the trustee pay money to the guardian, since the trustee had not found the home of the ward suitable."

Section 6 of Court Rule No 75 (1945), referring to the authority of the circuit court for Wayne county to grant leave to appeal from probate court, provides as follows:

"(d) In all other cases, after the expiration of the time herein fixed for appeal and within such further time as may be permitted by law, upon showing by affidavit or otherwise that there is merit in appellant's claim of appeal and that the delay was not due to appellant's culpable negligence."

The general statute (CL 1948, § 701.43 [Stat Ann 1943 Rev § 27.3178(43)]), relating to delayed appeals from probate court, also provides:

"If any person aggrieved by any act of the judge of probate shall from any cause, without default on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on the petition of the party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably."

In his opinion denying appellant's motion for a delayed appeal the circuit judge found that the executor and trustee was not guilty of culpable negligence in prosecuting his appeal. He also found that justice did not require a revision of the case. The court further found that the petition and affidavit in support of the delayed appeal failed to present any evidential facts upon which the circuit court could exercise its discretion but were merely conclusions.

In cases of this kind it is our understanding that it is not the province of this Court to review either the propriety or justice of the probate court order sought to be appealed from, but solely to determine from the record before us whether the circuit judge has exceeded his discretion in denying leave to appeal.

In *Taylor* v. *Bay Circuit Judge*, 234 Mich 363, 366, this Court said:

"The statute leaves the question to the discretion of the circuit judge, and unless there is a clear abuse of that discretion this Court will not disturb his finding. There is no abuse of discretion if the facts presented are fairly passed on by the circuit judge. His judgment may be erroneous. It may not be such a judgment as we would have rendered in determining the facts, but, unless it is clearly against reason and the evidence, or shows that he acted arbitrarily

and unreasonably, it cannot be said that it was an abuse of discretion."

The allowance of a delayed appeal is discretionary with the trial court and the burden of showing reason for a delayed appeal is upon the party seeking it. We do not reverse the determination of the circuit judge unless it appears that there has been a clear abuse of discretion. *Backing* v. *Estate of Backing,* 337 Mich 20.

Again on page 29:

"The burden of proof is upon petitioner to satisfy the court that justice requires a revision of the case. In doing so, petitioner must submit sufficient facts in order that the court may exercise its discretion. The facts shown must be sufficient to make out a prima facie case."

No useful purpose would be served in reviewing here all the curious legal side lunges engaged in by the appellant and his various attorneys after the probate court order of July 5, 1955, before he finally got around (over 8 months later) to petitioning the circuit court for his delayed appeal. It is enough to say that if we had any criticism of the order of the circuit judge it would be in his finding that there was not also culpable delay and lack of diligence on the part of the appellant in seeking his delayed appeal. The record before us tends to indicate a legal filibuster of fairly astonishing proportions and this observation is not weakened by the further one that, under the will, the trustee is permitted to stop all payments and terminate the trust and himself and his wife receive the balance therein if the minor ward should live with her own natural parents and further that in the will the trustee is named with his wife as 1 of the 2 sole residuary legatees. Over 4 years have now elapsed since the death of the testator, and his trustee has not yet—except for a

few months before the minor went to live with her present guardian—paid out a dime for the primary purpose of the trust, namely, for the "care, maintenance and support" of Brenda Zoller. In the meantime the minor ward has presumably been living upon the charity of her guardian.

We hold that neither the petition nor the record before us make out a case for this Court to disturb the discretion of the trial court. The order of the circuit judge denying the petition for a delayed appeal is accordingly affirmed, with costs to the prevailing party.

Dethmers, C. J., and Sharpe, Smith, Edwards, Kelly, Carr, and Black, JJ., concurred.