*In re* BROWN'S ESTATE.

BROWN *v.* BROWN.

1. EXECUTORS AND ADMINISTRATORS—PROBATE COURTS—APPEALS—
DELAYED APPEAL—STATUTES.

Where a showing is made that an heir has been misled to
his prejudice by the administrator of the estate, who
profits by it, a case is made for relief under the statute
authorizing delayed appeals from the probate court (3
·Comp. Laws 1915, § 14156).

2. SAME—ATTORNEY'S FEES—CLAIMS AGAINST ESTATE.

If the needs of the estate did not require the income or
proceeds of the real estate, the administrator would have
no authority to bind the estate for his own and counsel's
services in attending condemnation proceedings.

3. APPEAL AND ERROR—ABUSE OF DISCRETION—DELAYED APPEAL—
PROBATE COURTS.

While orders of the circuit court in respect to delayed
appeals from probate courts under 3 Comp. Laws 1915,
§ 14156, are discretionary and not reviewable except for
abuse of discretion, the denial of an appeal, on the ground
that plaintiff had an adequate remedy at law, after a
showing entitling her to relief, *held*, to be an abuse of
discretion.

Appeal from Wayne; Driscoll (George O.), J., pre-
siding.  Submitted April 8, 1920.  (Docket No. 19.)
Decided June 7, 1920.  Rehearing denied October 13,
1920.

Petition by Anna Brown against Charles F. Brown
for an appeal from an order of the probate court
allowing defendant's account as administrator of the
estate of Henry C. Brown, deceased.  From an order
denying the petition, plaintiff appeals.  Reversed.

*James Swan,* for plaintiff.

*James H. Pound,* for defendant.

On liability of estate to attorney employed by representative,
see note in 25 L. R. A. (N. S.) 72.

BIRD, J. Plaintiff made application to the Wayne circuit court to have a delayed appeal from probate court allowed under 3 Comp. Laws 1915, §§ 14156, 14157. The circuit court refused to grant the appeal and we are asked to review its order of denial. It appears from plaintiff's petition that she is the owner of a one-fourth interest in the estate of Henry C. Brown, deceased. That soon after purchasing the said interest from her husband she employed counsel to look after it because she was then, as well as now, a resident of the city of Chicago. That while said counsel was so employed she had a talk with Charles F. Brown, an owner of a one-fourth interest in said estate, and also the administrator thereof, who advised her that it was unnecessary for her to have an attorney, and that she had better get rid of him as there were no claims against the estate. Acting upon this advice she discharged her attorney and has not since been represented by counsel in any of the probate proceedings. After discontinuing the services of her counsel, the city of Detroit began condemnation proceedings against the real estate left by the said Henry C. Brown, and each heir or assignee was made a party thereto. Neither the administrator nor the estate was made a party. Notwithstanding this the administrator employed counsel to look after the estate at the time of the hearing of the condemnation proceedings and paid him therefor the sum of $600, and also charged the estate for his own services in looking after said proceeding the sum of $300. It is further shown by the petition that other illegal claims were paid amounting in all to $1,292. It is further stated that the administrator's account was allowed on the 4th day of May, 1917, but that plaintiff did not learn of it until March, 1918, and that in April, 1918, she filed this application in said court for permission to appeal therefrom.

The statute authorizing delayed appeals provides that:

"If any person aggrieved by any act of the judge of probate, or by the determination of commissioners on claims, shall from any cause, without default on his part, have omitted to claim or prosecute his appeal, according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on the petition of the party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been **done** seasonably." 3 Comp. Laws, § 14156.

The showing made by plaintiff, if true, would appear to entitle her to relief. It clearly shows that she was misled to her prejudice by her brother-in-law, the administrator. If the needs of the estate did not require the income or proceeds of the real estate, the administrator would have no authority to bind the estate for his own and counsel's services in attending the condemnation proceedings. Beside these claims it is asserted that other illegal claims were allowed against the estate. Where a showing is made that an heir has been misled to his prejudice by the administrator of the estate, who profits by it, a case is made for relief under this statute. Indeed, the trial court appears to have been impressed that plaintiff was entitled to some relief, but he suggested she had a remedy at law. If plaintiff is entitled to relief we think it desirable that it should be granted in this proceeding rather than in a separate proceeding.

While these orders are discretionary with the court and are not reviewable, except for abuse of discretion (*Smith* v. *Wayne Circuit Judge*, 82 Mich. 93; *Sanborn* v. *St. Clair Circuit Judge*, 94 Mich. 519, 526), we think, under all the circumstances of this case, we should hold that there was an abuse of discretion in

denying the application. The order will be set aside and one entered allowing the appeal as prayed upon such terms as the court deems just. Plaintiff will recover costs in this court.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.