TAYLOR *v.* BAY CIRCUIT JUDGE.

1. WILLS—BELATED APPEAL FROM PROBATE COURT—DUTY OF CIR-CUIT JUDGE.

On the hearing of a petition under 3 Comp. Laws 1915, § 14156, for a belated appeal from the order of the probate court allowing the probation of a will, the circuit judge should exercise his judgment on all of the evidence presented by the petition, its supporting affidavits and the counter affidavits.[1]

2. SAME—CIRCUIT JUDGE NOT TO DETERMINE MERITS OF ISSUE BUT WHETHER JUSTICE REQUIRES REVISION OF CASE.

The circuit judge, on said hearing, is not required to pass on the merits of the issue as to whether the testator was or was not mentally competent, or that he was or was not induced to make the will by undue influence, but the question that he is to determine is whether or not justice requires that the order of the probate court be reviewed.[2]

3. SAME—BURDEN OF PROOF ON PLAINTIFFS.

The burden is upon the plaintiffs to convince the court that "justice requires a revision of the case," and they

---

[1]Wills, 40 Cyc. p. 1353; [2]Id., 40 Cyc. p. 1353.

must show this by more substantial evidence than would make a mere *prima facie* case for the jury on a trial of the merits.[3]

4. SAME—BELATED APPEAL LEFT TO DISCRETION OF CIRCUIT JUDGE.
    The statute leaves the question to the discretion of the circuit judge and unless there is a clear abuse of that discretion the Supreme Court will not disturb his finding.[4]

5. SAME—NO ABUSE OF DISCRETION IF FACTS PASSED ON FAIRLY.
    There is no abuse of discretion if the facts presented are fairly passed on by the circuit judge, and, although his judgment may be erroneous, yet unless it is clearly against reason and the evidence, or shows that he acted arbitrarily and unreasonably, it cannot be said that it was an abuse of discretion.[5]

6. SAME—SHOWING INSUFFICIENT TO WARRANT GRANTING BELATED APPEAL.
    Where the showing for the belated appeal falls far short of being sufficient to sustain a judgment that testator was mentally incompetent to make the will in question, or that he was induced to make it by undue influence, there is no showing that justice requires a revision of the case, and the circuit judge properly denied the petition.[6]

Mandamus by Edna Taylor and another to compel Samuel G. Houghton, circuit judge of Bay county, to vacate an order denying a petition for a belated appeal. Submitted January 5, 1926. (Calendar No. 32,205.) Writ denied April 14, 1926.

*Patterson & Smith,* for plaintiffs.

*Edward S. Clark (Dudley J. Kavanagh,* of counsel), for defendant.

McDONALD, J. The plaintiffs seek a mandamus to compel the circuit judge of Bay county to vacate an order denying their petition for a belated appeal from an order of the probate court allowing the probation of the will of Curtis E. Pierce, who died at Bay City

---

[3]Wills, 40 Cyc. p. 1353; [4]Id., 40 Cyc. p. 1353; [5]Id., 40 Cyc. p. 1353; [6]Id., 40 Cyc. p. 1353.

on the 28th of July, 1924.    The petition alleges that the will was made on August 18, 1923, and charges that Mr. Pierce at that time was mentally incompetent and was induced to make the will by duress and undue influence.    The petition was accompanied by supporting affidavits. . The proponents of the will filed counter affidavits, and moved to dismiss the petition.    On the hearing the circuit judge found that the plaintiffs were without fault for delay in claiming an appeal under the statute, but denied the petition on the ground that the petitioners had not made sufficient showing that justice required a revision of the case.

The statute authorizing delayed appeals from an order of the probate court provides:

"If any person aggrieved by any act of the judge of probate  *  *  *  shall, from any cause, without fault on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on petition of the party aggrieved,  *  *  * allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably."    3 Comp. Laws 1915, § 14156.

The record shows sufficient material facts calling for the exercise of the discretion of the circuit judge. The sole question is whether he clearly abused that discretion in determining that justice did not require a revision of the case.

"We have held many times that we would not reverse the determination of the circuit court under this statute unless it appeared that there had been a clear abuse of discretion."    *Clark* v. *Berrien Circuit Judge,* 194 Mich. 180, and cases cited.

On a hearing of a petition under this statute the circuit judge is supposed to exercise his judgment on all the evidence presented by the petition, its supporting affidavits and the counter affidavits.    He is not required to find by a preponderance of the evidence

that the testator was or was not mentally competent, or that he was or was not induced to make the will by undue influence. He is not to pass on the merits of that issue. The question that he is to determine is whether justice requires that the order of the probate court be reviewed. The burden is upon the plaintiffs to convince the court that "justice requires a revision of the case." And they must show this by more substantial evidence than would make a mere *prima facie* case for the jury on a trial of the merits. They must show a meritorious case. The correct rule is stated in *Deering Harvester Co.* v. *Johnson,* 108 Wis. 275 (84 N. W. 426) as follows:

"The burden is upon the applicant to satisfy the court that, in view of all the known facts, there is at least reasonable probability that upon further hearing a result more favorable to him will be reached."

The statute leaves the question to the discretion of the circuit judge, and unless there is a clear abuse of that discretion this court will not disturb his finding. There is no abuse of discretion if the facts presented are fairly passed on by the circuit judge. His judgment may be erroneous. It may not be such a judgment as we would have rendered in determining the facts, but, unless it is clearly against reason and the evidence, or shows that he acted arbitrarily and unreasonably, it cannot be said that it was an abuse of discretion. We do not deem it necessary to refer in detail to the statements of facts contained in the various affidavits submitted by the plaintiffs. Some of them furnish competent evidence of the mental unsoundness of the testator, but the whole combination falls far short of being sufficient to sustain a judgment that he was mentally incompetent to make the will in question, or that he was induced to make it by undue influence.

What was said by this court in *McKay* v. *Macomb Circuit Judge*, 227 Mich. 235, applies here:

"Upon a trial of the cause on its merits it would be the duty of the court, under the proofs as shown by this record, to instruct the jury that a *prima facie* case had not been made of either mental incompetency or undue influence."

The plaintiffs did not make a sufficient showing that justice required a revision of the case.    The court was right in so holding.

The writ is denied, with costs to the defendant.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.