CONROY *v.* JACOBS' ESTATE.

1. COURTS—PROBATE COURT—ALLOWANCE OF DELAYED APPEAL DIS-
   CRETIONARY—WHAT PETITION MUST SHOW.
   The right of a circuit judge to allow a delayed appeal
   from probate court under 3 Comp. Laws 1915, § 14156, is
   discretionary, and his action will not be reviewed unless
   it clearly appears that discretion has been abused, but the
   petition for appeal must show that the petitioner omitted
   to claim or prosecute his appeal according to law with-
   out default on his part, and that justice requires a re-
   vision of the case.

2. SAME—SHOWING SUFFICIENT TO CONFER JURISDICTION—NO
   ABUSE OF DISCRETION.
   Where an executor's petition for a delayed appeal under
   3 Comp. Laws 1915, § 14156, from the allowance of a claim
   against the estate by commissioners on claims denies
   liability on the claim, sets up the defense of statute of
   frauds, alleges that an appeal was claimed but no appeal
   bond furnished because the probate judge advised that
   it was not required by law, and further sets forth that
   justice requires a review and revision of the case, it was
   sufficient to give jurisdiction to the circuit court and there
   was no abuse of discretion in allowing the appeal.

Error to Berrien; White (Charles E.), J.   Sub-
mitted October 8, 1926.   (Docket No. 57.)   Decided
December 8, 1926.

William J. Conroy presented a claim against the
estate of Henry W. Jacobs, deceased, for rent.   The
claim was allowed in part by the commissioners, and
defendant appealed to the circuit court.   Judgment
for defendant on a directed verdict.   Plaintiff brings
error.   Affirmed.

---

[1]Executors and Administrators, 24 C. J. § 1132 (Anno); [2]Id.,
24 C. J. § 1132 (Anno).

*George E. Arthur,* for appellant.

*John J. Sterling,* for appellee.

SNOW, J.   The plaintiff claimed to be a creditor of the defendant estate, and was allowed $4,100 ·by the commissioners on claims.   From this decision the executor attempted an appeal to the circuit court, complying with the statute in all respects, except to furnish an appeal bond.   The bond was not given because the judge of probate advised the executor that it was not necessary.   Upon motion to dismiss, heard after the statutory time had expired, the circuit judge permitted an appeal within five days thereafter "conditioned upon said estate filing in the office of the probate judge in and for said county of Berrien, a bond in the sum of $200 to be approved by said probate judge."   Thereupon a new application for appeal was made in the probate court, and the required bond filed.   The appeal was allowed.   Plaintiff made timely and proper motions to set aside these proceedings, and renewed them upon the trial.   He was overruled, and upon his refusal to further proceed, the court directed a verdict of no cause of action, and plaintiff alleges error.

Section 14156, 3 Comp. Laws 1915, permits the circuit court to allow appeals from the determination of commissioners on claims in cases where the aggrieved party shall have omitted to claim or prosecute an appeal according to law, and provides that this may be done only where there is no default on the part of the person desiring the appeal and where it appears that justice requires a revision of the case.

Defendant justifies the procedure in the instant case under this statute, while plaintiff contends that the facts clearly show that justice does not require a revision of the case, and that the estate was not without default; that therefore the appeal is void, and he

is entitled to a reversal of the judgment with directions to remand his claim to the probate court for payment.

It is well settled that the right of the circuit judge to allow a delayed appeal from probate court is discretionary, and his action will not be reviewed by this court unless it clearly appears that discretion has been abused. *Smith* v. *Wayne Circuit Judge,* 82 Mich. 93; *Sanborn* v. *St. Clair Circuit Judge,* 94 Mich. 525; *Small* v. *Olds,* 151 Mich. 111; *Clark* v. *Berrien Circuit Judge,* 194 Mich. 183; *In re Brown's Estate,* 210 Mich. 597. But it must affirmatively appear by petition to the circuit judge that petitioner omitted to claim or prosecute his appeal according to law without default on his part, and that justice requires a revision of the case. *McKay* v. *Macomb Circuit Judge,* 222 Mich. 244.

The executor's petition for a delayed appeal sets forth an allowance against the estate by the commissioners on claims of a substantial sum, to-wit, $4,100. While the exact claim of plaintiff is not fully set forth in the petition, a positive denial of liability shows it had to do with a claimed undertaking of the deceased to pay rent for a building in the city of Chicago. The petition denies any such agreement, and claims it would, even if made, be barred by the statute of frauds because not in writing. The petition further alleges that the executor was expressly advised by the judge of probate that a bond on appeal was not required by law, and the judge makes affidavit to this effect; that because thereof application for appeal was made and the same allowed without bond. The petition also sets forth that justice requires a review and revision of the case.

We think the petition sufficient to give jurisdiction to the circuit court to allow the appeal under the statute above referred to. The claim had been heard before commissioners on claims, who, if laymen, could

not be called upon to determine questions of law or the admissibility of testimony. The claim may have been proven by the claimant testifying to matters equally within the knowledge of the deceased, and it appears positively from the petition that the question of the validity of any contract testified to was a legal matter requiring judicial determination. These things may have influenced the plaintiff in refusing to proceed with the case in the circuit court and his course there may have been prompted to some extent by a feeling of weakness in the legality of his claim. However that may be, we cannot say that the circuit judge, under the circumstances disclosed by the record, abused his discretion in allowing the belated appeal.

The judgment is therefore affirmed, with costs to defendant.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.