GOIK *v.* WAYNE CIRCUIT JUDGE.

1. EXECUTORS AND ADMINISTRATORS—REVIVAL OF COMMISSION ON CLAIMS MAY BE EX PARTE.

Proceedings to revive commission on claims against estate of deceased person may be *ex parte* and without notice.

2. SAME—BELATED APPEAL—ABUSE OF DISCRETION.

Supreme Court will not disturb determination of circuit judge allowing or disallowing belated appeal from order of probate court unless it finds clear abuse of discretion.

3. SAME.

Where claim for mother's funeral expenses was allowed and paid out of her estate rather than charged to father, who had no income and no property except homestead, in accordance

with agreement among children, including plaintiffs, circuit judge did not abuse his discretion in denying petition for delayed appeal from allowance of said claim (3 Comp. Laws 1915, § 14156).

Mandamus by Charles Goik and others to compel Adolph F. Marschner, Wayne circuit judge, to vacate an order denying plaintiff's petition for delayed appeal from order of probate court. Submitted December 17, 1929. (Calendar No. 34,684.) Writ denied March 6, 1930.

*Leon Dreifuss*, for plaintiffs.

*William J. Lehmann*, for defendant.

McDONALD, J. This is a hearing on an order to show cause why the writ of mandamus should not issue to compel the defendant to vacate an order denying a petition for a delayed appeal from an order of the probate court. The plaintiffs are heirs at law of Henrietta Goik, deceased. William Goik, Sr., husband of Henrietta, survived her. He was appointed administrator of her estate, but died shortly thereafter. William Goik, Jr., succeeded him. A commissioner on claims was appointed. He filed his report on March 1, 1928, setting forth that no claims had been presented. On October 24, 1928, a petition was filed by Margaret Goik in behalf of herself, Clara Goik, and William Goik, Jr., representing that they had a claim against the estate for funeral expenses, and asking for an order reviving the commission. The court made such an order. A hearing was had on the claim, and it was allowed by the commissioner. The plaintiffs complain that the order reviving the commission was *ex parte*, that it was not published, that no notice was served on them,

that they had no knowledge of the proceedings until after the time for appeal therefrom had expired, and that they had no opportunity to contest the claim, which was not a proper charge against the mother's estate. On the hearing of the petition, the circuit judge refused to allow the appeal on the ground that the plaintiffs are not without default and that justice did not require a revision of the case.

The statute relative to belated appeals from the probate court, 3 Comp. Laws 1915, § 14156, reads as follows:

"(14156) SEC. 12. If any person aggrieved by any act of the judge of probate, or by the determination of commissioners on claims, shall from any cause, without default on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on the petition of the party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably."

The proceedings to revive the commission were regular and in accordance with the usual practice. They may be *ex parte* and without notice. *Seilnacht* v. *Wayne Probate Judge,* 201 Mich. 536, and cases cited.

In his return the circuit judge says:

"This defendant admits that the order reviving the commission on claims for a period of 30 days was granted *ex parte* and was never published, all of which is in accordance with the statute. Defendant denies that petitioners had no notice of said proceedings inasmuch as the probate records are public records and they had access to the same, and inasmuch as they were represented by legal counsel and

they, themselves, in their affidavits filed with the petition for special leave to appeal admit that they kept tab upon the proceedings in the estate of Henrietta Goik and particularly so state, and inasmuch as the records of said estate show that in the month of October, to wit: The 15th day of October, 1928, through the instigation of plaintiffs, a citation was issued out of the probate court ordering the administrator *de bonis non* to file his final account. Following this order the administrator *de bonis non* filed his first account on the 24th day of October, 1928, the same day when the petition for reviving the commission was filed.''

On this finding of facts, the trial court held that the plaintiffs were not without default.

The claim allowed by the commissioner was for the funeral expenses of Henrietta Goik, deceased. It amounted to $1,361.50. It is the contention of the plaintiffs that, as the husband was living at the time of his wife's death, he was liable for the funeral expenses, and that therefore they are not properly chargeable against her estate. The trial court found, as shown by the return, that the debt for funeral expenses was incurred in accordance with an agreement between the children, including the plaintiffs, that the expenses should be paid out of the estate of the mother. At that time the father was very sick with cancer. He had no income and no property except the homestead. So the children agreed that the funeral expenses should be paid out of their mother's estate. The claim was allowed by the probate court as a charge against her estate and has been paid. In view of these facts, as shown by the return, the court was of the opinion that justice did not require a revision of the case.

In regard to these belated appeals, this court has said many times that it will not disturb the de-

termination of the circuit judge unless it finds a clear abuse of discretion. *Taylor* v. *Bay County Judge,* 234 Mich. 363, and cases cited.

In the instant case, there was no abuse of discretion. The plaintiffs were not without default. By agreement the debt for their mother's funeral expenses was to be paid out of her estate. It was so paid, and payment was approved by the probate court. In view of these facts, the trial court did not abuse his discretion, but showed good judgment in stopping further litigation over a small estate.

The writ is denied, with costs against the plaintiffs.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.