*In re* McLAUGHLIN'S ESTATE.

1. COURTS—DELAYED APPEAL FROM PROBATE COURT—JUSTICE—STATUTES.

   Petitioner applying for delayed appeal from order of probate court must show that he was without fault, and that justice requires revision of case (3 Comp. Laws 1929, § 15969).

2. SAME—MANDAMUS.

   Action of circuit court declining to grant delayed appeal from order of probate court may be reviewed only by mandamus (3 Comp. Laws 1929, § 15969).

3. SAME—DISCRETION OF COURT.

Application, under statute, for delayed appeal from order of probate court, is addressed to discretion of circuit court (3 Comp. Laws 1929, § 15969).

4. SAME—ABUSE OF DISCRETION.

Order of circuit court denying delayed appeal from order of probate court may not be set aside by Supreme Court unless it is shown to have been arbitrary and unreasonable, amounting to clear abuse of discretion (3 Comp. Laws 1929, § 15969).

Appeal from Alpena; Smith (Fred P.), J. Submitted June 13, 1933. (Docket No. 114, Calendar No. 37,310.) Decided June 29, 1933.

In the matter of the estate of Anna K. McLaughlin, deceased. Petition of Michael O'Brien, coexecutor, for leave to make belated appeal from order entered in probate court allowing a corrected final account. Petition denied. Petitioner appeals. Affirmed.

*James Francis,* for appellant.

*Wilcox & Gillard* and *Hollis C. Martin,* for appellees Thomas Barry and another, residuary legatees.

POTTER, J. Anna K. McLaughlin died August 5, 1930, testate. Michael O'Brien and James E. McLaughlin were named coexecutors of her will, accepted said trust, filed a bond as such, and entered into the discharge of their duties. Michael O'Brien is a practicing attorney in Alpena. The estate of the deceased consisted of both real and personal property. The real estate was valued at $7,200; the personal property at $11,842.91. Claims were presented against her estate amounting to $11,932.82. Among the claims presented was one

by James E. McLaughlin, husband of deceased and coexecutor of her estate, in the sum of $2,216.82; and a claim by Helen Barry Brooks, a niece of deceased, in the sum of $8,700. January 20, 1931, the claim of James E. McLaughlin was allowed by commissioners on claims, in the sum of $1,976.82, and the claim of Helen Barry Brooks in the sum of $5,000. The probate court made an order for payment of these claims within 30 days from that date. The residuary legatees under the will of deceased did not know of the presentation of these claims until after they were allowed and paid. The estate was not represented before the commissioners on the hearing of claims. January 21, 1931, the executors paid all claims including the two just mentioned, and January 22, 1931, made and filed their final account. After learning of the allowance of these two claims, Thomas Barry and Richard Barry, residuary legatees, January 30, 1931, served a request and demand upon the executors to appeal from the action of the commissioners on claims. Upon failure of the executors of the estate to appeal, they caused an appeal to be taken to the circuit court. James E. McLaughlin repaid to the estate the sum of $1,976.82 which he had received without contest. A jury on trial in circuit court, on the appeal from the allowance of the claim of Helen Barry Brooks, allowed the same in the sum of $1,100. The result of this appeal was certified to the probate court. The final account of the executors filed January 22, 1931, was corrected by reducing the credits in the sum of $5,876.82. The account as corrected was allowed August 31, 1931. The residuary legatees attempted to secure repayment to the estate from Helen Barry Brooks of the sum of $3,900 which the executors had paid to her.

Various meetings were held in the probate court, promises of restitution are alleged to have been made. All these failed to produce the money. April 14, 1932, the probate judge for Alpena county commenced suit against the executors and their surety for the use and benefit of Thomas Barry and Richard Barry, residuary legatees, to recover the amount due from said executors. July 25, 1932, nearly 11 months after the order allowing the corrected final account had been allowed and more than three months after the commencement of suit by the probate judge, the executor, Michael O'Brien, filed his petition for leave to appeal from the order of the probate court of August 31, 1931. Before that he had attempted to make settlement with the residuary legatees and had succeeded in so doing with one of them. With the others he was unable to settle. The granting of delayed appeals from the action of the probate court is regulated by 3 Comp. Laws 1929, § 15969. The petitioner for such delayed appeal must show he is without fault on his part and that justice requires a revision of the case.

The circuit court declined to grant applicant a delayed appeal. Its action may be reviewed only by mandamus. This case is here on mandamus, called an appeal, to set aside the order of the circuit court and direct that a delayed appeal be allowed. *Hamler v. Shiawassee Circuit Judge,* 227 Mich. 235; *In re Quinlan's Estate,* 250 Mich. 684. The application, under the statute above cited, for a delayed appeal, is addressed to the discretion of the circuit court; *Smith v. Wayne Circuit Judge,* 82 Mich. 93; *Sanborn v. St. Clair Circuit Judge,* 94 Mich. 519; *Clark v. Berrien Circuit Judge,* 194 Mich. 180, and before this court may set aside the order of the circuit court, such arbitrary and unreasonable action by the circuit court, in denying a delayed appeal, must

be shown as to amount to a clear abuse of discretion. *Small* v. *Olds,* 151 Mich. 111; *McKay* v. *Macomb Circuit Judge,* 222 Mich. 244; *Hamler* v. *Shiawassee Circuit Judge, supra; Taylor* v. *Bay Circuit Judge,* 234 Mich. 363; *Conroy* v. *Jacobs' Estate,* 237 Mich. 102; *Goik* v. *Wayne Circuit Judge,* 249 Mich. 461; *In re Quinlan's Estate, supra.* This has not been done. We cannot, therefore, interfere with the action of the circuit court, whose order is affirmed, with costs.

McDonald, C. J., and Clark, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.