*In re* METCALF'S ESTATE.

DELAYED APPEAL OF MAURICE METCALF.

1. COURTS — DELAYED APPEAL — DISCRETION OF COURT — PROBATE COURTS.

    Granting or disallowing a delayed appeal from the determination of commissioners on claims in the probate court is left by statute to the sound discretion of the circuit judge (3 Comp. Laws 1929, § 15969).

2. Mandamus—Delayed Appeal—Questions Reviewable.

> On mandamus to set aside denial of delayed appeal by circuit judge who failed to invoke his discretion by holding he had no right to do so, question for determination is whether petitioner, without fault on his part, omitted to claim or prosecute his appeal according to law and whether it appears that justice requires a revision of the case (3 Comp. Laws 1929, § 15969).

3. Courts—Delayed Appeal from Probate Court—Attorney's Negligence.

> Failure of attorney for executor to file an insurance policy given him for purpose of appealing from allowance of claims for personal injuries against estate of deceased motorist *held*, not to deprive executor of right to delayed appeal since he was without fault on his part, where justice requires a revision of the case (3 Comp. Laws 1929, § 15969; Act No. 45, Pub. Acts 1935).

4. Automobiles—Guest Passengers—Gross Negligence—Wilful and Wanton Misconduct—Evidence.

> Proof of gross negligence or wilful and wanton misconduct upon part of decedent driver is essential to recovery for personal injuries against his estate by guest passengers in his automobile (1 Comp. Laws 1929, § 4648).

5. Courts — Delayed Appeal from Probate Court — Claim of Guest Passenger—Evidence.

> Under evidence showing that probate judge, who was not an attorney, failed to give executor of estate of deceased driver of car in which claimants were guest passengers, a trial and decision based upon factual and legal merits of respective claims, by failing to require proof of gross negligence or wilful and wanton misconduct on part of driver, executor *held*, entitled to delayed appeal, where he was without fault on his part in timely prosecuting an appeal, since justice requires a revision of the case (3 Comp. Laws 1929, § 15969).

6. Mandamus—Questions Reviewable—Probate Judge as Witness.

> Question of propriety of calling probate judge as a witness on motion for delayed appeal from his denial of claims against an estate, not raised on mandamus to compel the granting of such delayed appeal, is not passed upon.

Appeal from Tuscola; Cramton (Louis C.), J. Submitted October 13, 1936. (Calendar No. 38,936.) Decided December 9, 1936. Rehearing denied March 2, 1937.

In the matter of the estate of John Wesley Metcalf, deceased. Bertha E. Turner and Stanley N. Turner presented their claims in probate court. From order allowing claims, Maurice Metcalf, executor, petitioned the circuit court for belated appeal. Petitioner reviews denial of such an appeal by appeal in the nature of mandamus. Writ granted.

*Theron W. Atwood,* for claimants.

*L. J. Carey, George J. Cooper* and *Crane & Crane* (*Frank A. Rockwith,* of counsel), for the executor.

Toy, J. The appellant, executor of the estate of John Wesley Metcalf, deceased, seeks our writ of mandamus to set aside an order made by the circuit court, denying his petition for delayed appeal from the order of the probate court of Tuscola county, allowing claims of Stanley Turner and Bertha E. Turner against the estate.

Bertha E. Turner is the wife of Stanley Turner, and filed her claim against the estate for damages arising from personal injuries sustained by her while a guest passenger in the automobile of the deceased, at a time when a collision occurred between such car and another.

It was her contention, as stated in her claim filed in probate court, that the deceased was guilty of gross negligence, and wilful and wanton misconduct in the operation of his automobile, at the time of the accident. She claimed damages in the sum of $15,000. Her claim was allowed by the probate

judge on July 5, 1935, in the amount of $12,000. Likewise, the claim of her husband, Stanley N. Turner, for loss of services of his wife was allowed in the amount of $7,000.

The executor on July 5th, filed his notice and reasons for appeal to the circuit court for such allowance of claims and on the same date an order was made allowing such appeal.

The reasons set forth in the application for appeal were as follows:

"1. The administrator charges the fact to be that the allowance of said purported claims was grossly in excess of any liability, if there were any liabilities.

"2. That the claimant did not prove that the deceased was operating his car in a wilful, malicious and wanton manner.

"3. That the probate judge stated that on account of the fact that there was an insurance company involved that he felt that the insurance company should pay damages on account of the fact that they had accepted insurance premiums from the deceased."

On September 23, 1935, the claimants filed a motion to dismiss the appeal for the following stated reasons:

"1. That no appeal bond was filed with said judge of probate as required by 3 Comp. Laws 1929, §§ 15958, 15965.

"2. That if such appeal bond was not required by virtue of Senate enrolled act No. 25 (Act No. 45, Pub. Acts 1935), enacted by the 58th legislature of the State of Michigan at the regular session of 1935, the requirements of said act have not been complied with in the following particulars:

"(a) A copy of the insurance policy has not been deposited with said court.

"(b) The insurance carrier has not admitted its liability under an insurance policy, nor has an instrument been filed with said court by the insurance carrier admitting its liability under an insurance policy, for the amounts allowed the claimants by said order of said judge of probate, or any part thereof.

"(c) The insurance company has not by any instrument in writing filed with said court, or otherwise, agreed to pay such judgment or allowance against said estate, if any, as shall be affirmed by the appellate court, not exceeding the amount of its liability under the insurance policy."

On September 27, 1935, the executor filed his petition in the circuit court for a special or delayed appeal, setting forth that he had taken the appeal in good faith; that he had substantially complied with the provisions of Act No. 45, Pub. Acts 1935; that there was no default upon his part in filing his appeal; that justice required a revision of the allowance of such claims; that he was ready, willing and able to comply with any order of the circuit court requiring the furnishing of a good and sufficient surety bond on appeal, the depositing of a cash bond, or a full compliance with the terms of Act No. 45, Pub. Acts 1935; and that there was no evidence whatever offered in the probate court to sustain the allowance of the claims. Several affidavits were filed supporting this motion.

The claimants filed their answer denying the right of the executor to a belated appeal, supporting such answer by affidavits and by a certificate of the judge of probate. Both the motion to dismiss and the petition for delayed appeal were heard at the same time, when the circuit court took testimony relative to the issues raised.

On October 4, 1935, the circuit court granted claimants' motion and dismissed the executor's appeal. On October 14th following, it denied the executor's petition for belated appeal.

The circuit judge in his opinion denying such appeal, stated:

"The granting of a dilatory appeal under the general statute is not a matter of discretion."

The opinion of the court further stated:

"Neither as to the facts or as to the law is a showing made that the demands of justice require a revision of the action of the probate court."

We cannot agree with the circuit judge in his determination.

The petition for belated appeal was filed in pursuance to 3 Comp. Laws 1929, § 15969, which reads as follows:

"Sec. 12. If any person aggrieved by any act of the judge of probate, or by the determination of commissioners on claims, shall from any cause, without default on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on the petition of the party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably."

The act is not mandatory, but by its very terms provides that the circuit court "may," and "upon such terms as it shall deem reasonable," allow an appeal. In other words, the granting or disallowing of such an appeal is, by the foregoing quoted statute, left to the sound discretion of the circuit judge. *In re McLaughlin's Estate,* 264 Mich. 161 and *Taylor* v. *Bay Circuit Judge,* 234 Mich. 363.

The circuit judge, however, failed to invoke his discretion, holding that he had no right to do so. We, therefore, are required to look to the record before us to determine whether the petitioner, "without default on his part" omitted to claim or prosecute his appeal according to law and whether it appears "that justice requires a revision of the case." *In re McLaughlin's Estate, supra.*

We must first determine, then, whether petitioner is without default in the prosecution of his appeal. The issue raised by the pleadings and the testimony involving this point is, whether there was filed, at the time of taking the appeal from the probate court, in pursuance to Act No. 45, Pub. Acts 1935, a copy of the automobile insurance policy issued to deceased by the Michigan Mutual Liability Company. The proof offered by appellant shows that the insurance company, who has its office in Detroit, engaged Mr. M. D. Orr, an attorney-at-law, with offices at Caro, to represent appellant and to take such appeal, and through its attorneys in Detroit, instructed Mr. Orr to file a copy of such insurance policy in lieu of bond and in pursuance to Act No. 45, Pub. Acts 1935. Petitioner makes a further showing that Mr. Orr filed such copy with the probate court at the time of taking such appeal, having attached it to the other papers filed for that purpose.

The affidavits and testimony offered by claimants, however, are to the effect that no such policy was filed, and that even if it had been, it did not comply with the provisions of Act No. 45, Pub. Acts 1935, for the reasons which are hereinbefore set forth in the quoted portion of claimants' motion to dismiss appeal. No copy of the policy appears in the papers on appeal as certified to the circuit court from the probate court.

It is not necessary for determination of this issue to decide whether such policy was filed or not. If it was so filed, then obviously, appellant was without default. If Mr. Orr did not file it, as he was instructed to do so by the insurance company, who by virtue of its policy are defending the estate against the claims of appellees, and who relied upon him as their attorney to have it done, then under our decisions, appellant is "without default on his part," *Jerome* v. *Wayne Circuit Judge,* 117 Mich. 19, and "ought not to lose his right to appeal through the neglect or oversight of his attorney," where justice requires a revision of the case. *Merriman* v. *Jackson Circuit Judge,* 96 Mich. 603. See *Frank* v. *Union Trust Co.,* 239 Mich. 646.

Does justice require a revision of the case? We are convinced that it does.

Both claimants based their claims under the "guest passenger" provisions of 1 Comp. Laws 1929, § 4648. Without proof of gross negligence or wilful and wanton misconduct upon the part of the deceased driver of the automobile, their claims, as filed, must fall.

The probate judge who heard and allowed the claims, and who is not an attorney, was called as a witness upon the hearing of appellant's petition in the circuit court, and on cross-examination, testified:

"*Q.* Was your attention called to the so-called 'guest passenger act' in this suit?

"*A.* I think there was something said about that but what was said I can't say. I haven't any idea what was said.

"*Q.* Did you know the provisions of that act?

\*   \*   \*

"*A.* I can't now positively answer that question. I have read the act but I can't tell what was in the

act. Mr. Atwood drew up the certificate that he filed in this case. There are some corrections in ink in my certificate and I wouldn't say positively whether that correction was made before or after; I think it was just as it is now. * * *

"*Q*. All right. Now just a minute, judge, the correction reads like this 'gross negligence and the,' were you passing on the question of gross negligence in this matter?

"*A*. Was I?

"*Q*. Yes.

"*A*. Certainly not. * * *

"*Q*. Do you know the distinction, judge, between the rule with reference to a guest passenger and ordinary negligence?

"*A*. No, I don't. I can't honestly say I do."

On re-direct examination, he further testified:

"After hearing on claims, Mr. Orr submitted cases on this question and Mr. Atwood did too. I read these cases and discussed the matter with Mr. Orr and Mr. Atwood, and the question of gross negligence and wilful and wanton misconduct was discussed at the hearing, and the law was argued by both attorneys.

"*Q*. You stated a while ago you read this so-called guest passenger statute?

"*A*. I have.

"*Q*. And in reaching your decision whether or not you considered that, what a guest passenger had to prove in order to recover?

*A*. No, I didn't. I reached my decision—I decided—my decision was made on account of the condition of this woman, the condition she was in, and also the expenses and so forth incurred by her husband."

Certainly it is apparent from the foregoing testimony, that appellant did not have a trial and de-

cision based upon factual and legal merits of the respective claims. To this, he is entitled. While there are presented other facts, which might also indicate that justice requires a revision of the case, we need not pass thereon, as we think the foregoing is of itself sufficient to require such revision. The petition for delayed appeal should have been allowed.

The question of the propriety of calling the probate judge as a witness is not raised and therefore is not passed upon.

The writ will be granted. Appellees will, however, recover costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL and BUSHNELL, JJ., concurred. SHARPE and POTTER, JJ., did not sit.