*In re* HAGGARD

1. APPEAL AND ERROR—DELAYED APPEAL—BURDEN OF PROOF—DISCRETION.

The allowance of a delayed appeal from probate court is discretionary with the circuit court and the burden of showing reasons for a delayed appeal is on the party seeking it.

2. APPEAL AND ERROR—DELAYED APPEAL—STATUTORY DUTY—NONCOMPLIANCE—CIRCUMSTANCES.

The Court of Appeals, while it cannot condone a probate court's noncompliance with a statutory duty relating to the service of its orders upon a party, will not use the noncompliance to justify a delayed appeal from that court's orders but will consider the totality of the circumstances (MCLA § 712A.18).

3. APPEAL AND ERROR—APPEAL OF RIGHT—PROBATE COURT—STATUTES.

Statute providing for an appeal of right to a circuit court within a specified time from the entry of a probate court order contemplates a situation where a party has failed to receive copies of the probate court orders or is without knowledge of the results of proceedings before that court (MCLA § 701.36).

4. APPEAL AND ERROR—DISCRETION.

The Court of Appeals does not reverse a circuit court determination unless there has been a clear abuse of discretion.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 4 Am Jur 2d, Appeal and Error §§ 141, 194.
[3] 4 Am Jur 2d, Appeal and Error § 141.
[4] 4 Am Jur 2d, Appeal and Error §§ 18, 139.
[5] 4, 5 Am Jur 2d, Appeal and Error §§ 134, 139, 309, 685, 686, 932.

5. APPEAL AND ERROR—DELAYED APPEAL—PROBATE COURT—INFANTS
—CUSTODY.

Circuit court denial of applicant's motion for leave to appeal
a probate court order making her minor children wards of the
court and placing them for adoption was not an abuse of dis-
cretion where the applicant, although she was present and
represented by counsel at the custody hearing, took no legal
action to regain her children's custody until almost two years
later and then, did not file a brief with the circuit court, as
requested, regarding her right to appeal the probate order.

Appeal from Houghton, Stephen D. Condon, J.
Submitted Division 3 May 5, 1969, at Marquette.
(Docket No. 5,577.)   Decided October 2, 1969.

Application by Alice Barney to circuit court for
leave to take delayed appeal from a decision of
probate court making her four minor children wards
of the court and placing them for adoption. Appli-
cation denied. Applicant appeals. Affirmed.

*Wisti, Jaaskelainen, Schrock & Bourland,* for ap-
plicant.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Raymond J.
Foresman, Jr.,* Assistant Attorney General, for de-
fendants.

Before:   J. H. GILLIS, P. J., and R. B. BURNS and
V. J. BRENNAN, JJ.

R. B. BURNS, J.   On May 21, 1965, a hearing was
held in Houghton county probate court concerning
the custody of the four allegedly neglected Haggard
children.   Appellant, mother of the children, was
present at that hearing, represented by the attorney
who now represents her on appeal.   At the conclu-
sion of the hearing the probate judge stated:

"It is my present intention to make these children permanent wards of the probate court and place them for adoption. However, I want to give it some further thought and I won't enter an order of any kind until some day next week. In fairness to you, that is my present intention."

Orders to that effect were entered, dated as of the day of the hearing, but copies of the orders were not at that time served upon appellant.

From June to September, 1965, appellant was a patient at Newberry state hospital. In November, 1965, she remarried. The record indicates that by January, 1966, appellant had contacted the probate judge, who informed her that the children were in foster homes or adopted, and had contacted her counsel to discuss regaining custody of her children. No legal action was commenced, however, until almost two years later in December, 1967, when a writ of habeas corpus was filed against the probate judge seeking the return of the children.

On December 22, 1967, appellant finally received copies of the May 21, 1965, orders. On January 16, 1968, appellant filed a motion in circuit court for leave to appeal the probate court's orders and on January 26, 1968, a hearing was held on the motion. The court requested counsel to brief and file within 60 days the questions of when appellant's right to appeal expired and whether there was culpable negligence on her part that would disentitle her to a delayed appeal.

On May 3, 1968, no briefs had yet been filed and the court entered an order denying leave to appeal. The writ of habeas corpus had been dismissed on February 9, 1968, as being moot because appellant had received copies of the probate orders.

On May 10, 1968, appellant filed a claim of appeal in this Court but no briefs were filed until December

2, 1968, one day before the case was placed on the no-progress calendar.

Appellant seizes upon the fact that MCLA § 712A-.18 (Stat Ann 1969 Cum Supp § 27.3178[598.18]) was not complied with by the probate court until December 22, 1967. While we cannot condone the court's falure to comply promptly with a statutory duty, neither can we use this fact as a justification, as appellant would have us do, for permitting a delayed appeal to be taken in view of the totality of the circumstances involved. MCLA § 701.36 (Stat Ann 1962 Rev § 27.3178[36]) provides for appeal as a matter of right to circuit court within 20 days of the entry of the order. However, this statute also contemplates the situation where a party has failed to receive copies of the orders or is without knowledge of the results of the proceedings. It says:

"Provided further, that after a hearing in any matter in which the court has failed to make an order or in which no decision has been made for a period of 3 months, either party may appeal to the circuit court the same as though the court had ruled against such party, and where such appeal is made, the same requirements in perfecting said appeal shall be followed as is prescribed in the practice of making appeals, except that said appellant or his attorney shall make an affidavit setting forth briefly the date of the hearing, the matter involved therein, and that he has searched the files and records in said cause in said court and finds that no decision has been made and entered by said court, which affidavit shall be included in the record on appeal."

Appellant did not file an appeal from the probate court to the circuit court within 20 days of May 21, 1965, the date the probate orders were entered. She did not appeal by affidavit after searching the probate file, nor did she file an appeal within 20 days

after December 22, 1967, the date she finally received the orders from the probate court.

Appellant lost her appeal of right and sought to file a delayed appeal to the circuit court. The allowance of delayed appeal is discretionary with the circuit court and the burden of showing reasons for a delayed appeal is upon the party seeking it. Appellate courts do not reverse the determination of the circuit judge unless there has been a clear abuse of discretion. *Clark* v. *Berrien Circuit Judge* (1916), 194 Mich 180; *In re McLaughlin's Estate* (1933), 264 Mich 161; *Backing* v. *Estate of Backing* (1953), 337 Mich 20.

Appellant and her counsel had at least oral notice that the probate court intended to terminate her parental rights and that an order of some kind would be forthcoming in a matter of days. It is unexplained why no effort was made to search the probate court files and records to determine what disposition had been made by the probate court. It is also unexplained why there was almost a two-year delay between January, 1966, when the matter was discussed with the probate judge and counsel, and December, 1967, when the first legal action was taken. In addition, there is the unexplained failure to file the briefs requested by the circuit court, which waited over 90 days before denying the motion. The circuit judge did not abuse his discretion.

Affirmed. No costs.

All concurred.